THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL L. TINGUE, Appellant.

Fourth Department, January 21, 1983

**APPEARANCES OF COUNSEL**

*J. Richardson Lippert, II,* for appellant.
*Levant M. Himelein, III,* for respondent.

**OPINION OF THE COURT**

BOOMER, J.

On his second trial defendant was convicted of burglary in the third degree for entering a church and stealing its amplifier system. The first trial ended in a hung jury.

On this appeal from the judgment of conviction, defendant contends that, in both trials, there was insufficient evidence of unlawful entry and, therefore, the Trial Judge should have granted the defendant's motions for trial orders of dismissal.

At both trials the church pastor testified that the doors of the church were open at all hours so that members of the public could come in to pray and meditate. Thus, the defendant entered the church lawfully; his license to enter was not extinguished because of his criminal intent at the time of the entry (Penal Law, § 140.00, subd 5; *People v Brown,* 25 NY2d 374). No further evidence was presented on the first trial tending to prove an unlawful entry.

On the second trial the prosecution supplied testimony that the defendant stole the amplifier system from behind the altar rail and that he entered a room of the church not open to the public where he attempted to force the lock of a safe. This additional testimony provided evidence of unlawful entry sufficient to support the conviction for burglary. The defendant was not licensed to enter "that part of the building which [was] not open to the public." (Penal Law, § 140.00, subd 5; see *People v Segal,* 78 Misc 2d 944, 951.)

The novel question we face is whether, on this appeal, we may review the record of the first trial for sufficiency of the evidence. The CPL does not provide for an appeal from a mistrial following a hung jury, or from the denial of a trial order of dismissal. The defendant can appeal only from the judgment of conviction (CPL 450.10) which followed the second trial. Since the judgment of conviction was based on the evidence in the second trial, the only rationale for reviewing the record of the first trial rests upon principles of double jeopardy.

The policy restricting interlocutory appeals in criminal cases, rightly prevented the defendant from pursuing a double jeopardy claim until after his conviction upon the second trial. If the defendant were permitted to appeal, prior to conviction, from the denial of the motion for a trial order of dismissal, he would remain in limbo, neither convicted nor acquitted during a long and arduous full appellate review (*Rafferty v Owens,* 82 AD2d 582, 586). Moreover, "intermediate appeals bring delays and disruptions which seriously impede ' "the effective and fair administration of the criminal law." ' " (*United States v McQuilkin,* 673 F2d 681, 683.)

The considerations that precluded the defendant from appealing prior to conviction should not now preclude him from seeking, on double jeopardy grounds, a review of the sufficiency of the evidence presented at the first trial. Had the first jury convicted the defendant, on appeal we would have reversed for insufficiency of the evidence. In that event there is no question that the bar of double jeopardy would have precluded a second trial (*Burks v United States,* 437 US 1) and the conviction that followed. In *Rafferty v*

*Owens* (*supra*), as here, the first trial ended when the jury failed to agree. The appellate court held that the defendant could not, prior to retrial, challenge the sufficiency of the evidence presented at his first trial, but that he could do so in the event he was convicted after a second trial, citing *United States v Wilkinson* (601 F2d 791). *Wilkinson* (*supra*) was such a case where the defendant, following his conviction after a second trial, was permitted to challenge the sufficiency of the evidence presented at his first trial.

The argument in favor of such a review is persuasive. Why should the defendant be worse off because the first jury failed to agree than he would be if that jury had convicted. "The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." (*Burks v United States*, 437 US 1, 11, *supra*.) Since we find that the prosecution failed to muster sufficient evidence in the first trial, we should not permit him to obtain a conviction on his second attempt.

Accordingly, the judgment should be reversed and the indictment dismissed.

DILLON, P. J., CALLAHAN and MOULE, JJ., concur; SIMONS, J., not participating.

Judgment reversed, on the law and facts, and indictment dismissed.