■ In the Matter of KEMRAJ JADOO, Petitioner, v JAMES GRIFFIN et al., Respondents. [701 NYS2d 89] —Proceeding pursuant to CPLR article 78 in the nature of prohibition, *inter alia,* to prevent the respondents from prosecuting the petitioner, Kemraj Jadoo, under Queens County Indictment No. 1800/99 on the ground that to do so would place him in double jeopardy.

Adjudged that the petition is granted, Indictment No. 1800/99 is dismissed, and Indictment No. 3916/97 is reinstated.

The petitioner was originally indicted under Queens County Indictment No. 3916/97 on charges of attempted murder in the second degree, assault in the first degree (two counts), attempted robbery in the first degree (two counts), and criminal possession of a weapon in the fourth degree. A trial on that indictment was commenced, and the matter was submitted to a jury for a verdict. The jury indicated that it had found the petitioner not guilty on the attempted murder charge, but that it was unable to reach a verdict as to the other five counts. The trial court accepted the partial verdict, and a mistrial was declared as to the other five counts after the jury's insistence that it was unable to reach a verdict as to those charges. After the declaration of the mistrial, the case was set down for a retrial of the remaining five counts.

Thereafter, the District Attorney filed superseding Indictment No. 1800/99, without the trial court's permission. This superseding indictment charged the petitioner with assault in the first degree, assault in the second degree (two counts), attempted robbery in the first degree (two counts), attempted robbery in the second degree, attempted robbery in the third degree, and grand larceny in the fourth degree. The petitioner now seeks to prohibit his trial on the superseding indictment on the ground that it would violate the principle of double jeopardy.

The trial court, in declaring a mistrial on the original indictment, did not dismiss the indictment or authorize the People to re-present new charges to a Grand Jury. Thus, the People were limited to retrying the petitioner upon the same accusatory instrument, and the superseding indictment is a nullity (*see,* CPL 40.30 [3], [4]; *Matter of De Canzio v Kennedy,* 67 AD2d 111; *see also, People v Rodriguez,* 150 AD2d 265).

Thus, the petition is granted, Indictment No. 1800/99 is dismissed, and Indictment No. 3916/97 is reinstated (*see, Matter of De Canzio v Kennedy, supra*). S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.