■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN NOLAN, Appellant. [717 NYS2d 193] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered March 23, 1999, convicting him of robbery in the first degree, robbery in the second degree, burglary in the first degree, unlawful imprisonment in the first degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Cooperman, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress testimony regarding the complainant's lineup identification. There is no requirement that a defendant be surrounded by individuals nearly identical to him in appearance (*see, People v Chipp,* 75 NY2d 327, 335, *cert denied* 498 US 833; *People v Rodriguez,* 64 NY2d 738, 740-741). Since the lineup participants possessed the same general physical characteristics as those of the defendant (*see, People v Folk,* 233 AD2d 462), the fact that the defendant has facial birthmarks did not render the lineup impermissibly suggestive (*see, People v Boone,* 251 AD2d 423; *People v Cintron,* 226 AD2d 390).

The Supreme Court providently exercised its discretion in denying the defendant's motion to sever the counts of robbery in the first degree, robbery in the second degree, burglary in

the first degree, and unlawful imprisonment in the first degree, from the count of unauthorized use of a vehicle in the third degree. The counts were properly joined. The proof in support of the counts of robbery in the first degree, robbery in the second degree, burglary in the first degree, and unlawful imprisonment in the first degree, was material and admissible as evidence-in-chief upon the trial of the count of unauthorized use of a vehicle in the third degree, as the proof related to the reasons for the defendant's arrest (*see,* CPL 200.20 [2] [b]; *People v Bongarzone,* 69 NY2d 892, 895). O'Brien, J. P., Thompson, H. Miller and Schmidt, JJ., concur.