■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL ALEXANDER, Also Known as TIMOTHY BOYD, Appellant. [724 NYS2d 603] —On appeal from judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered November 21, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, the application by assigned counsel to withdraw on the ground that the appeal is wholly frivolous (*People v Saunders*, 52 AD2d 833) is granted to the extent of relieving counsel with compensation, assigning Steven Feinman, 48 Brook Farm Close, Chappaqua, New York 10514, as new counsel, and enlarging the time to re-perfect the appeal to the October 2001 Term of this Court.

In seeking to be relieved, assigned appellate counsel has submitted a brief carefully reviewing the record and identifying at least seven issues that might arguably support the appeal, but concluding that all of these issues are frivolous. While we express no opinion with respect to the merits, or lack thereof, of any possible issue, we conclude that this appeal is not so wholly frivolous as to warrant an affirmance pursuant to *Anders v California* (386 US 738) and *People v Saunders* (*supra*). Concur—Lerner, J. P., Saxe, Buckley, Friedman and Marlow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ULYSSES BLAS, Appellant. [728 NYS2d 125] —Judgment, Supreme Court, Bronx County (John Collins, J.), rendered September 2, 1998, as amended September 8, 1998, convicting defendant, after a jury trial, of murder in the second degree and attempted murder in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 25 years to life and 10 to 20 years, respectively, unanimously affirmed.

The hearing court properly denied suppression of the lineup identifications. A review of the lineup photos establishes that the lineup participants possessed the same general physical characteristics as those of defendant and that defendant's barely noticeable facial scar did not render the lineup unduly suggestive (*see, People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833; *People v Nolan*, 277 AD2d 400). Furthermore, after observing defendant in the courtroom at the same distance at which the lineup was viewed by the witnesses, the court noted that the scar was indiscernible at that distance.

The record establishes that defendant waived his right to be present at sidebar conferences during jury selection and refutes the claims made in his *pro se* supplemental brief. Concur—Nardelli, J. P., Williams, Ellerin, Lerner and Saxe, JJ.