■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROCHELLE JAMISON, Appellant. [737 NYS2d 614] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered July 21, 1998, convicting defendant, after a jury trial, of assault in the first degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second and third degrees, and sentencing him, as a persistent violent felony offender, to an aggregate term of 55 years to life, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. Since our review of the photo array establishes that defendant's facial scar is barely visible, we reject defendant's claim that his scar rendered the array unduly suggestive (*see, People v Blas*, 283 AD2d 243, *lv denied* 96 NY2d 898). Similarly, our review of the lineup photograph establishes that the lineup did not single defendant out for identification. Defendant's scar was not obvious and therefore played no part in the identification (*id.*). Furthermore, the fillers were sufficiently similar in appearance to defendant (*see, People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833).

Defendant's challenge to the admissibility of his videotaped statement is moot because the statement was never introduced into evidence at trial (*People v Falcon*, 281 AD2d 368, *lv denied* 96 NY2d 901).

After a thorough inquiry, the court properly determined that the verdict should not be set aside on the ground of premature jury deliberations (*see, People v Horney*, 112 AD2d 841, 842-843). There is no basis upon which to disturb the court's determinations concerning credibility with respect to its individual inquiries of the 16 jurors. Concur—Andrias, J.P., Saxe, Sullivan, Rosenberger and Friedman, JJ.