FOURTH DEPARTMENT, DECEMBER, 2002

(December 4, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS ANTHONY HART, Appellant. [751 NYS2d 339] —Appeal from a judgment of Supreme Court, Onondaga County (Brunetti, J.), entered June 23, 2000, convicting defendant after a jury trial of grand larceny in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the indictment is dismissed and the matter is remitted to Supreme Court, Onondaga County, for proceedings pursuant to CPL 470.45.

Memorandum: Defendant was charged by an indictment with one count of grand larceny in the second degree (Penal Law § 155.40 [1]), arising out of an alleged scheme in which defendant obtained $65,000 from the victim in a fraudulent business investment operation. The case proceeded to trial on the theory that defendant had obtained the victim's property by false pretenses (see § 155.05 [2] [a]), but the jury deadlocked and Supreme Court declared a mistrial. Defendant now appeals from a judgment convicting him following a second jury trial of grand larceny in the second degree, again based on the theory that defendant had obtained the victim's property by false pretenses.

We agree with defendant that the court erred in denying his motion at the conclusion of the People's case in the first trial to dismiss the indictment on the ground that the evidence was legally insufficient. The victim testified in the first trial that she gave defendant money to expand his business and that de-

fendant assured her that he would pay her back through his "power of attorney." The People failed to present any evidence, however, establishing that defendant made a false representation concerning a past or present fact (*see generally People v Norman*, 85 NY2d 609, 619), i.e., that defendant was not attempting to expand his business or that the business did not in fact exist.

Because we conclude that the court should have granted defendant's motion to dismiss the indictment in the first trial on the ground that the evidence was legally insufficient, the People should not have been allowed a second attempt to obtain a conviction (*see People v Tingue*, 91 AD2d 166, 167-168). The Double Jeopardy Clause of the US and the NY Constitutions " 'forbids a second trial for the purpose of affording the [People] another opportunity to supply evidence which [they] failed to muster in the first proceeding' " (*id*. at 168; *see* US Const 5th Amend; NY Const, art I, § 6). Consequently, we reverse the judgment, dismiss the indictment and remit the matter to Supreme Court, Onondaga County, for proceedings pursuant to CPL 470.45. In view of our determination, there is no need to address the remaining contention raised by defendant. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Burns and Lawton, JJ.