Appeal from a judgment of Erie County Court (Drury, J.), entered April 4, 2001, convicting defendant of, inter alia, burglary in the second degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him of burglary in the second degree (Penal Law § 140.25 [2]) and criminal possession of stolen property in the fifth degree (§ 165.40). At a trial on both counts, the jury found defendant guilty of the possession count, but deadlocked on the burglary count. After County Court declared a mistrial on that count, defendant was retried and convicted on the burglary count. Contrary to defendant’s contention, the evidence is legally sufficient at both trials to establish that the house defendant entered unlawfully was a “dwelling” within the meaning of section 140.25 (2), and thus is legally sufficient to support the conviction of burglary in the second degree. The evidence establishes that the building at issue could have been occupied overnight and that property owned by the deceased owner was still in the house at the time of defendant’s unlawful entry (see People v Barney, 99 NY2d 367, 370-372 [2003]). Further, a sister of the deceased owner was taking care of the house, and a granddaughter of the deceased owner planned to move into the house once the estate was settled. Thus, viewing the evidence in the light most favorable to the People, we conclude that there is a valid line of reasoning by which the jury could have concluded that the house was “usually occupied by a person lodging therein at night” (§ 140.00 [3]; see Barney, 99 NY2d at 370- *985 372). We further conclude that the evidence is legally sufficient to support the conviction of criminal possession of stolen property.
Because the evidence with respect to the burglary charge was legally sufficient at the first trial, we reject the further contention of defendant that his retrial on that charge violates the constitutional prohibition against double jeopardy (compare People v Hart, 100 NY2d 550, 551 [2003]). Defendant’s challenge to the sufficiency of the evidence before the grand jury is not reviewable on appeal from the judgment of conviction (see People v Taylor, 225 AD2d 640 [1996], lv denied 88 NY2d 943 [1996]). Finally, reversal is not required based on the two instances in which defendant was in handcuffs in the jury’s presence, inasmuch as the instances were both brief and inadvertent and we can perceive no prejudice to defendant (see People v Harper, 47 NY2d 857, 858 [1979]). Present—Pine, J.P, Hurlbutt, Kehoe, Lawton and Hayes, JJ.