Appeal from a judgment of Steuben County Court (Bradstreet, J), entered November 20, 2000, convicting defendant after a jury trial of criminal contempt in the first degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal contempt in the first degree *1022 (Penal Law § 215.51 [c]). Defendant failed to preserve for our review his contention that he was denied a fair trial due to prejudicial media coverage, having failed to ask the prospective jurors whether they were aware of the case as a result of media coverage or to move for a change of venue (see generally People v Parker, 60 NY2d 714, 715 [1983]). In any event, that contention lacks merit. County Court asked the prospective jurors whether they had prior knowledge of the case from the media or any other source and none gave an affirmative response.
We reject the further contention of defendant that he was denied effective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Defendant’s contention is based on the failure of defense counsel to move pursuant to CPL 330.30 to set aside the verdict, thereby allegedly failing to preserve for our review defendant’s contention that the conviction is not supported by legally sufficient evidence. As a preliminary matter, we note that a motion pursuant to CPL 330.30 does not preserve for our review a contention that is not otherwise preserved (see People v Schultz, 266 AD2d 919 [1999], lv denied 94 NY2d 906 [2000]). In any event, the evidence, which included the testimony of the victim and two eyewitnesses as well as defendant’s testimony admitting the underlying facts, is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The sentence is neither unduly harsh nor severe. Present—Wisner, J.P, Hurlbutt, Scudder, Gorski and Lawton, JJ.