■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID S. SMITH, Appellant. [778 NYS2d 615]—

Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered October 1, 2001. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and a new trial is granted on count one of the indictment.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of sexual abuse in the first degree (Penal Law § 130.65 [1]). We agree with defendant that reversal is required because County Court erred in denying his challenge for cause to a prospective juror, and defendant thereafter exhausted his peremptory challenges (*see* CPL 270.20 [2]). Following a trial ending in a hung jury on this charge, a mistrial was declared and a second trial on this charge was held. During jury selection at the second trial, a prospective juror informed the court that she had been "touched by a man" and that she was "not sure one way or another" whether that experience would affect her ability to sit as a juror. During further questioning, the prospective juror stated that she thought she could be fair, but she also conceded that her experience had been "traumatic" and "emotional." The prospective juror stated that she was not "a hundred percent sure" that she would not take her experience into consideration during deliberations and,

when asked whether she could tell defense counsel that she would not seek retribution for what happened to her, the prospective juror said, "No." We conclude that, based on the "full record of what the challenged [prospective] juror[ ]—sworn to speak truthfully—actually said" (*People v Johnson*, 94 NY2d 600, 615 [2000]), the prospective juror did not unequivocally state that her prior state of mind would not influence her verdict, and thus we reverse the judgment and grant a new trial on count one of the indictment (*see People v Bludson*, 97 NY2d 644, 645 [2001]; *People v Arnold*, 96 NY2d 358, 362-363 [2001]; *People v Escoto*, 283 AD2d 962, 963 [2001], *lv denied* 96 NY2d 901 [2001]).

Although defendant failed to preserve for our review his contention that the evidence at the first trial is legally insufficient (*see People v Gray*, 86 NY2d 10, 19 [1995]; *see also People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]), that contention is nevertheless reviewable for purposes of double jeopardy analysis on appeal from the judgment of conviction upon retrial (*see People v Tingue*, 91 AD2d 166, 167-168 [1983]). Because the evidence at the first trial is legally sufficient, however, we conclude that the retrial did not violate the prohibition against double jeopardy (*see People v Montgomery*, 1 AD3d 984 [2003]; *cf. People v Hart*, 300 AD2d 987, 988 [2002], *affd* 100 NY2d 550 [2003]). Defendant also failed to preserve for our review his contention that the evidence at the retrial is legally insufficient to support the conviction and, in any event, we conclude that his contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Dismissal of count one of the indictment therefore is not warranted. Present—Pine, J.P., Hurlbutt, Kehoe, Lawton and Hayes, JJ.