THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HIBBARD, Appellant. [810 NYS2d 770]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph S. Forma, J.), rendered May 19, 2003. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree and criminal possession of stolen property in the fifth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for resentencing in accordance with the following memorandum: On appeal from a judgment convicting him, after a jury trial, of burglary in the third degree (Penal Law § 140.20) and criminal possession of stolen property in the fifth degree (§ 165.40), defendant contends that Supreme Court erred in refusing to suppress certain evidence. Even assuming, arguendo, that defendant sought suppression of evidence found outside his house, we conclude that the court properly refused to suppress that evidence because defendant failed to establish that he had "an objectively reasonable expectation of privacy" in the location searched, i.e., an open garbage bag (*People v Ramirez-Portoreal*, 88 NY2d 99, 113 [1996]).

Defendant waived his further contention that the court should have dismissed the indictment based on the People's failure to provide him with adequate notice that the matter was to be presented to the grand jury by failing to make a timely motion for dismissal on that ground (*see* CPL 190.50 [5] [c]; *People v Braction*, 26 AD3d 778 [2006]). We reject the further contention

of defendant that he was denied effective assistance of counsel by defense counsel's failure to make a timely motion for dismissal of the indictment on that ground. That failure, "without more, is insufficient to demonstrate ineffective assistance, particularly where defendant failed to demonstrate an absence of strategic or legitimate reasons for counsel's failure to pursue this course of action" (*People v Wright*, 5 AD3d 873, 874 [2004], *lv denied* 3 NY3d 651 [2004]).

Contrary to defendant's further contention, the conviction is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Viewing the direct and circumstantial evidence in the light most favorable to the People, as we must, we conclude that a " 'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " (*People v Contes*, 60 NY2d 620, 621 [1983]; *see People v Ficarrota*, 91 NY2d 244, 248-249 [1997]). Also contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant failed to preserve for our review his contention that the court erred in increasing his sentence based upon constitutionally protected speech (*see* CPL 470.05 [2]). Nevertheless, we exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), and we agree with defendant that the court so erred. Although the sentence is legal and is not unduly harsh or severe, we note that the court stated on the record that it was increasing defendant's sentence based upon political remarks made by defendant. A "sentence based to any degree on activity or beliefs protected by the first amendment is constitutionally invalid" (*United States v Lemon*, 723 F2d 922, 938 [1983]). We therefore modify the judgment by vacating the sentence, and we remit the matter to Supreme Court for resentencing before a different justice. Present—Pigott, Jr., P.J., Green, Kehoe, Gorski and Smith, JJ.