THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RACHAEL Y. CASEY, Appellant. [829 NYS2d 309]—

Appeal from a judgment of the Steuben County Court (Marianne Furfure, J.), rendered May 27, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), arson in the first degree, reckless endangerment in the first degree and criminal mischief in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her following a jury trial of, inter alia, arson in the first degree (Penal Law § 150.20) and two counts of murder in the second degree (§ 125.25 [2], [3] [depraved indifference murder and felony murder]). According to the evidence presented by the People at trial, defendant intentionally caused a fire in her apartment that resulted in the death of her seven-month-old daughter. The juries in two previous trials were deadlocked, resulting in mistrials. Contrary to the contention of defendant, this third prosecution did not violate the constitutional prohibition against double jeopardy (*see People v Smith*, 8 AD3d 965, 966 [2004]; *cf. People v Hart*, 300 AD2d 987, 988 [2002], *affd* 100 NY2d 550 [2003]). The evidence presented at both of the prior trials is legally sufficient to support a conviction (*see Smith*, 8 AD3d at 966; *cf. Hart*, 300 AD2d at 988), and we therefore conclude that the third prosecution was not pursued " 'for the purpose of affording the [People] another opportunity to supply evidence which [they] failed to muster in the first [two trials]' " (*People v Tingue*, 91 AD2d 166, 168 [1983]).

Contrary to defendant's further contention, the evidence is legally sufficient to support the conviction herein (*see generally People v Williams*, 84 NY2d 925, 926 [1994]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). The fire investigator testified that burn patterns throughout the apartment and pour patterns on the floor of the rear porch and the floors throughout the apart-

ment, including a deviation from a straight-line pattern to the area where defendant's daughter was located in her crib, were caused by an ignitable liquid with multiple points of origin, both inside the apartment and on the rear porch. Defendant was the only adult present in the apartment. Defendant informed law enforcement and medical personnel that she was able to rescue herself and her older children from the fire but was unable to rescue her youngest child. Although medical personnel testified that the odor of smoke was present on defendant, defendant exhibited no physical symptoms consistent with having been in a burning building, and none of the children smelled of smoke or exhibited physical symptoms consistent with being present in a burning building. Defendant's contention that the evidence is legally insufficient to support the conviction of the crimes involving depraved indifference because the evidence established that defendant only could have acted intentionally when she started the fire is unpreserved for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]), and in any event that contention is without merit.

Defendant failed to request that County Court charge manslaughter in the second degree (Penal Law § 125.15 [1]) as a lesser included offense of depraved indifference murder and thus failed to preserve for our review her contention that the court erred in failing to do so (*see People v Gibbs*, 286 AD2d 865, 867 [2001], *lv denied* 97 NY2d 704 [2002]). In any event, defendant's contention that the failure of the court to charge the lesser included offense requires reversal is without merit. In the absence of a request by either the People or defendant to charge the lesser included offense, "the court's failure to submit such offense does not constitute error" (CPL 300.50 [2]; *see People v Skinner*, 203 AD2d 891 [1994], *lv denied* 84 NY2d 832 [1994]).

We reject the further contention of defendant that she unequivocally invoked her right to counsel during an interview by the police on July 27, 2001 and that her waivers of the right to counsel during subsequent interviews therefore are not valid. Even assuming, arguendo, that defendant's statement "I think I want to talk to a lawyer" constituted an unequivocal invocation of the right to counsel (*see generally People v Mitchell*, 2 NY3d 272, 276 [2004]), we conclude that the court properly determined that defendant was not in custody during that interview (*see generally People v Yukl*, 25 NY2d 585, 589 [1969], *rearg denied* 26 NY2d 845 [1970], *cert denied* 400 US 851 [1970]). Defendant complied with the request of the police to come to the police station, and she did so of her own accord and

at a time of her own choosing. Furthermore, defendant was advised by the police at the outset that she was free to discontinue the interview and leave the police station at any time. The record thus establishes that the interview was noncustodial in nature (*see People v Centano*, 76 NY2d 837 [1990]), and we therefore conclude that defendant's waivers of the right to counsel during subsequent interviews were valid (*see People v Davis*, 75 NY2d 517, 522-523 [1990]; *People v White*, 27 AD3d 884, 886 [2006], *lv denied* 7 NY3d 764 [2006]).

Defendant failed to preserve for our review her contentions that a police witness impermissibly testified that her interview on July 27th was discontinued when defendant requested counsel, and that the reference of the prosecutor to that testimony during his continued examination of the police witness and on his summation constituted prosecutorial misconduct (*see* CPL 470.05 [2]; *see generally Gibbs*, 286 AD2d at 866). In any event, the evidence of defendant's guilt is overwhelming, and we conclude that there is no reasonable possibility that the errors contributed to the conviction and thus that they are harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]). Defendant failed to preserve for our review her remaining contentions with respect to prosecutorial misconduct during summation (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject defendant's further contention that the prosecutor engaged in misconduct in failing to call as a witness a nurse who testified in the first and second trials. The record establishes that the testimony of that witness at the two prior trials was consistent with the testimony of the other medical personnel and thus would have been cumulative. In any event, we further note that, on balance, the testimony of that witness at the prior trials was not favorable to defendant.

Contrary to the contention of defendant, she received meaningful representation (*see generally People v Benevento*, 91 NY2d 708, 712 [1998]). Defendant failed to demonstrate the absence of strategic or other legitimate reasons for defense counsel's failure to object to the prosecutor's references to the prior trials or for defense counsel's failure to call as a witness the nurse whom the prosecution did not call as a witness (*see generally People v Hibbard*, 27 AD3d 1196, 1197 [2006], *lv denied* 7 NY3d 790 [2006]; *People v Wright*, 5 AD3d 873, 874-875 [2004], *lv denied* 3 NY3d 651 [2004]). We agree with defendant that defense counsel should have objected to the testimony of the police witness with respect to the termination of

defendant's interview when defendant requested an attorney and to the prosecutor's subsequent question of the police witness and reference on summation with respect thereto. Nevertheless, based on the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, we conclude that defense counsel provided effective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant's remaining contentions with respect to the alleged denial of effective assistance of counsel and defendant's contention that a special prosecutor should have been appointed are based upon information that is dehors the record, and those contentions therefore are not reviewable on direct appeal (*see generally People v Smith*, 32 AD3d 1291, 1292 [2006]).

We reject the contention of defendant that she was denied a fair trial because of pretrial publicity, and because the conviction is based solely upon circumstantial evidence. The record establishes that the court thoroughly addressed the issue of pretrial publicity during voir dire (*see People v Calkins*, 1 AD3d 1021 [2003], *lv denied* 1 NY3d 625 [2004]), and we have previously concluded herein that the evidence is legally sufficient to support the conviction. Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Smith, Lunn and Green, JJ.