THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINIC DENNARD, Appellant. [833 NYS2d 831]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered February 25, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), robbery in the first degree (two counts), burglary in the first degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of two counts each of murder in the second degree (Penal Law § 125.25 [3]) and robbery in the first degree (§ 160.15 [2]), and one count each of burglary in the first degree (§ 140.30 [1]) and criminal possession of a weapon in the second degree (former § 265.03 [2]). Following a trial ending in a deadlocked jury, a mistrial was declared and a second trial was held on all charges, resulting in the judgment on appeal. Contrary to the contention of defendant, the second trial did not violate the prohibition against double jeopardy inasmuch as the evidence at the first trial was legally sufficient to support a conviction (*see People v Casey*, 37 AD3d 1113 [2007]; *People v Smith*, 8 AD3d 965, 966 [2004]; *People v Montgomery*, 1 AD3d 984, 985 [2003], *lv denied* 1 NY3d 631 [2004]). Any issues concerning the credibility of the identification witnesses were for the jury (*see People v Giles*, 20 AD3d 863, 865 [2005], *lv denied* 5 NY3d 806 [2005]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

The further contention of defendant that the in-court identification of defendant at trial by an eyewitness was unreliable and thus was improperly admitted is unpreserved for our review because, at trial, defendant objected to that identification testimony only on the ground that it was the result of a constitutionally impermissible showup proceeding (*see* CPL 470.05 [2]). In any event, defendant's contention is without merit. Here, the eyewitness did not participate in any pretrial identification procedure conducted by the police, and "[d]efendant's various challenges to the reliability of the identification evidence go to the weight to be afforded such evidence by the jury and not to its admissibility" (*People v Ross*, 288 AD2d 138, 138 [2001], *lv denied* 98 NY2d 655 [2002]; *see People v Harris*, 271 AD2d 258, 259 [2000], *lv denied* 95 NY2d 853 [2000]). Defendant made only a general motion to dismiss and thus failed to preserve for our review his challenge to the legal sufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, we conclude that the evidence is legally sufficient to support the conviction and, contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see. generally Bleakley*, 69 NY2d at 495). We further conclude that defendant was not denied a fair trial by County Court's preclusion of testimony by certain defense witnesses inasmuch as defendant was thereby attempting "to 'introduce extrinsic evidence on a collateral matter solely to impeach credibility' " (*People v Simmons*, 21 AD3d 1275, 1275 [2005], *lv denied* 6 NY3d 781 [2006]).

We also reject the contention of defendant that he was

deprived of his right of confrontation when the court curtailed defense counsel's cross-examination of the girlfriend of defendant's accomplice and their mutual friend. "[C]urtailment [of cross-examination] will be judged improper when it keeps from the jury relevant and important facts bearing on the trustworthiness of crucial testimony" (*People v Ashner*, 190 AD2d 238, 247 [1993]; *see People v Smith*, 12 AD3d 1106 [2004], *lv denied* 4 NY3d 767 [2005]), and that did not occur here. In any event, any error in the curtailment of the cross-examination of those witnesses is harmless beyond a reasonable doubt (*see generally People v Crimmins*, 36 NY2d 230, 237 [1975]). Finally, the sentence is not unduly harsh or severe. Present—Martoche, J.P., Smith, Centra, Lunn and Peradotto, JJ.