■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD DAVIS, Appellant. [855 NYS2d 803]—Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered March 7, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, robbery in the first degree (two counts), and robbery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Upon appeal from a judgment convicting him, after a jury trial, of one count each of murder in the second degree (Penal Law § 125.25 [3]) and robbery in the second degree (§ 160.10 [1]), and two counts of robbery in the first degree (§ 160.15 [1], [2]), defendant contends that the evidence is legally insufficient to support the conviction. We reject that contention. Based on the testimony of an eyewitness, we conclude that the evidence is legally sufficient to establish that he planned to rob the victim prior to the homicide, that he forc-

ibly removed a jacket from the victim and that, in the course of or in furtherance of the robbery, he or another participant caused the death of the victim (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally id.*). Defendant failed to preserve for our review his further contentions that County Court's *Sandoval* ruling constitutes an abuse of discretion (*see People v Alston*, 27 AD3d 1141, 1141-1142 [2006], *lv denied* 6 NY3d 892 [2006]), and that the court erred in charging the jury on the element of intent to commit the murder (*see generally People v Ponder*, 19 AD3d 1041, 1042-1043 [2005], *lv denied* 5 NY3d 809 [2005]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). There is no merit to the contention of defendant in his main brief and his pro se supplemental brief that defendant was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), nor is there merit to his contention that the pretrial photo array from which he was identified was unduly suggestive. Defendant's photo does not "stand[ ] out as markedly different from the others" in the photo array (*People v Gee*, 99 NY2d 158, 163 [2002], *rearg denied* 99 NY2d 652 [2003]), and the photos in the array are "sufficiently similar in appearance so that the viewer's attention is not drawn to any one photograph in such a way as to indicate that the police were urging a particular selection" (*People v Quinones*, 5 AD3d 1093, 1093 [2004], *lv denied* 3 NY3d 646 [2004]). The sentence is not unduly harsh or severe. Finally, the remaining contention of defendant in his pro se supplemental brief, that the court erred in constructively amending the indictment, is unpreserved for review (*see People v Yakubova*, 11 AD3d 644, 645 [2004], *lv denied* 4 NY3d 769 [2005]), and in any event is without merit (*see id.*). Present—Hurlbutt, J.P., Martoche, Peradotto, Pine and Gorski, JJ.