■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN CLARKE, Appellant. [865 NYS2d 817]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered May 17, 2005. The judgment convicted defendant, upon a jury verdict, of assault in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, assault in the first degree (Penal Law § 120.10 [3]). Defendant's first trial ended in a mistrial as the result of a deadlocked jury, and the People filed a second indictment charging defendant with the same offenses as those charged in the first indictment. Defendant was arraigned on the second indictment, and the original indictment was dismissed. Defendant then moved, inter alia, to dismiss the second indictment as unauthorized. The prosecutor agreed with defendant that the second indictment was improper and consented to its dismissal, and the prosecutor stated that the People would proceed with the original indictment. County Court thereupon dismissed the second indictment without prejudice, with leave to re-present, but the prosecutor thereafter asked the court to withdraw its statement granting leave to re-

present, to which the court responded, "very well." The prosecutor then stated on the record that "I want the record to be clear, we're proceeding on the original indictment." Defendant now contends on appeal that the court lacked jurisdiction to try him on the original indictment because it was superseded and dismissed by the second indictment. We reject defendant's contention. As the People conceded in response to defendant's motion prior to the commencement of the trial that is the subject of this appeal, the second indictment was improper. The trial on the original indictment had already commenced (*see* CPL 200.80) and, in view of the ongoing proceedings before the court, it cannot be said that the court dismissed the original indictment or authorized the People to obtain a new accusatory instrument pursuant to CPL 40.30 (4). The second indictment was therefore a nullity, and the People were limited to retrying defendant on the original indictment (*see Matter of Jadoo v Griffin*, 267 AD2d 311 [1999]; *Matter of De Canzio v Kennedy*, 67 AD2d 111, 120-121 [1979], *lv denied* 47 NY2d 709 [1979]; *see also People v Dexter*, 259 AD2d 952, 952-953 [1999], *affd* 94 NY2d 847 [1999]).

Also contrary to defendant's contention, the retrial did not violate the prohibition against double jeopardy. According to defendant, the court erred at the first trial in allowing the People to present the grand jury testimony of one of their witnesses as well as the statement of that witness to the police, and the remaining evidence was legally insufficient. We reject that contention. The grand jury testimony of the witness in question and his statement to the police were properly admitted in evidence because "[t]he People established by clear and convincing evidence at the *Sirois* hearing . . . that misconduct by defendant or others acting at his behest caused that witness to be unavailable to testify at defendant's trial" (*People v Washington*, 34 AD3d 1193, 1194 [2006], *lv denied* 8 NY3d 928 [2007]). Although there was no direct evidence of a threat against that witness, the court properly relied on the circumstantial evidence that supported such an inference. That evidence consisted, inter alia, of a recorded conversation of defendant while he was incarcerated with a person outside of the jail in which defendant gave that person the phone number of the witness in question and stated that he could not have that witness appear at his trial (*see People v Geraci*, 85 NY2d 359, 369-370 [1995]; *People v Alston*, 27 AD3d 311 [2006], *lv denied* 7 NY3d 751 [2006]). We conclude that the evidence at the first trial was legally sufficient, and thus the retrial did not violate the prohibition against double jeopardy (*see People v Dennard*, 39 AD3d 1277, 1278 [2007], *lv denied* 9 NY3d 842 [2007]; *People v Hogan*,

15 AD3d 944 [2005], *lv denied* 5 NY3d 763 [2005]; *People v Smith*, 8 AD3d 965 [2004]).

Defendant failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct (*see People v Reddick*, 43 AD3d 1334, 1336 [2007], *lv denied* 10 NY3d 815 [2008]; *People v Davis*, 38 AD3d 1170, 1172 [2007], *lv denied* 9 NY3d 842 [2007], *cert denied* 552 US —, 128 S Ct 713 [2007]). In any event, none of the prosecutor's comments was " 'so egregious as to deprive defendant of his right to a fair trial,' when viewed in the totality of the circumstances of this case" (*People v Martina*, 48 AD3d 1271, 1273 [2008], *lv denied* 10 NY3d 961 [2008]; *see People v Santiago*, 41 AD3d 1172, 1175 [2007], *lv denied* 9 NY3d 964 [2007]; *People v Black*, 38 AD3d 1283, 1286 [2007], *lv denied* 8 NY3d 982 [2007]).

Finally, defendant contends that the court erred in refusing to suppress the identification of him by two witnesses because the photo arrays were unduly suggestive. We reject that contention. Although defendant was the sole person in the photo arrays with a facial scar, the scar was not prominent and the other individuals depicted in the photo arrays were otherwise sufficiently similar in appearance to defendant (*see People v Davis*, 50 AD3d 1589 [2008]; *People v Jamison*, 291 AD2d 298 [2002], *lv denied* 98 NY2d 652 [2002]). Present—Hurlbutt, J.P., Centra, Peradotto, Green and Gorski, JJ.