People v Moseley (2019 NY Slip Op 03408)





People v Moseley


2019 NY Slip Op 03408


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 2, 2019

109025

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DIMETRI MOSELEY, Also Known as PONCHO, Appellant.

Calendar Date: March 27, 2019

Before: Egan Jr., J.P., Devine, Aarons and Rumsey, JJ.


Mitchell S. Kessler, Cohoes, for appellant.
D. Holley Carnright, District Attorney, Kingston (Lisa M. Bondarenka of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered November 21, 2016, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree.
In March 2014, defendant was charged by indictment with criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree for his alleged involvement in a shooting that occurred outside of a nightclub in January 2014. Before trial commenced, the People obtained a superseding indictment (No. 164-14) that, in relevant part, charged defendant with only criminal possession of a weapon in the third degree. A jury trial on the superseding indictment ensued; however, after the jury was impaneled and sworn, defendant's motion for a mistrial was granted. The People subsequently obtained a second superseding indictment (No. 126-15) charging defendant with criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. At defendant's subsequent trial, County Court dismissed the criminal possession of a weapon in the third degree count before submitting the case to the jury, and defendant was convicted on the remaining count, criminal possession of a weapon in the second degree. Defendant was thereafter sentenced, as a second felony offender, to a prison term of 13 years, followed by five years of postrelease supervision, and he now appeals.
The People concede, and we agree, that the second superseding indictment is a nullity and assert, therefore, that defendant's conviction must be reversed and the matter remitted for further proceedings on the first superseding indictment. In declaring a mistrial, County Court did not dismiss the superseding indictment or authorize the People to re-present new charges to a grand jury. Accordingly, the People were limited to retrying defendant upon the superseding indictment, and the second superseding indictment was a nullity (see People v Clarke, 55 AD3d 1447, 1448 [2008], lv denied 11 NY3d 923 [2009]; Matter of Jadoo v Griffin, 267 AD2d 311, [*2]311 [1999]; People v Rodriguez, 150 AD2d 265, 266 [1989], lv denied 74 NY2d 818 [1989]). Where, as here, an indictment is a nullity, "any action or consequence that flowed from its filing . . . was necessarily a nullity as well" (People v Frederick, 14 NY3d 913, 916 [2010]). Accordingly, the judgment must be reversed. Defendant's remaining arguments have been rendered academic by our determination.
Egan Jr., J.P., Devine and Aarons, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.