People v Lakhani (2020 NY Slip Op 20342)

People v Lakhani

2020 NY Slip Op 20342 [70 Misc 3d 55]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 9th and 
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, March 10, 2021

[*1]

The People of the State of New York, Respondent,
v
Hiten Lakhani, Appellant.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, December 17, 2020

APPEARANCES OF COUNSEL

Larkin, Ingrassia & Tesermayster, L.L.P. (John Ingrassia of counsel) for appellant.
Thomas E. Walsh II, District Attorney (Tina L. Guccione of counsel), for respondent.

{**70 Misc 3d at 56} OPINION OF THE COURT

Memorandum.

Ordered that the judgment of conviction is reversed, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the Justice Court for a new trial.
Insofar as is relevant to this appeal, in May 2016, a misdemeanor information was filed charging defendant with sexual abuse in the second degree (Penal Law § 130.60 [2]). The accusatory instrument alleged that, in August 2012, defendant lifted up the shirt of the complainant, who was less than 14 years old at the time, touched her breasts with his fingers, took a photograph of himself touching her, and grabbed the complainant's hand and placed it on his body somewhere "lower than the defendant's stomach, hairy, dry and felt like skin." Following a jury trial, defendant was convicted of sexual abuse in the second degree and was sentenced to, among other things, 30 days in jail.
On appeal, defendant contends that he was denied a fair trial because (1) testimony by the complainant's sister was improperly allowed into evidence, (2) the prosecutor made improper comments during summation regarding the testimony of the prompt outcry witnesses, (3) the prosecutor improperly cross-examined defendant, (4) the prosecutor made improper comments during summation which shifted the burden of proof, (5) the Justice Court improperly allowed [*2]the People to present{**70 Misc 3d at 57} a rebuttal expert witness and, upon cross-examination, that witness's testimony improperly vouched for the credibility of the complainant, (6) the Justice Court improperly precluded character witness testimony, (7) the Justice Court failed to provide a curative instruction after it struck a portion of the complainant's mother's testimony, (8) the Justice Court improperly redacted the complainant's mental health records, and (9) the People failed to produce all of the complainant's mental health records. Defendant also contends that the evidence was legally insufficient, the verdict was against the weight of the evidence, he was denied the effective assistance of counsel, and the sentence was unduly harsh and excessive.
Defendant's legal sufficiency contention is unpreserved for appellate review since his trial attorney did not raise, at trial, the specific arguments made in support of this contention on appeal (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Hines, 97 NY2d 56, 61 [2001]; People v Gray, 86 NY2d 10 [1995]). However, since there is no preservation requirement associated with defendant's contention that the verdict was against the weight of the evidence, this court necessarily must determine whether all of the elements of the crime as charged were proved beyond a reasonable doubt as part of its weight of the evidence review (see People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Thiel, 134 AD3d 1237 [2015]). As a different verdict would not have been unreasonable here (see People v Zephyrin, 52 AD3d 543 [2008]), given that the testimony of the complainant and defendant presented a "classic he-said she-said credibility determination for the [trier of fact] to resolve" (People v Kiah, 156 AD3d 1054, 1056 [2017] [internal quotation marks omitted]), we "must, like the trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (People v Bleakley, 69 NY2d 490, 495 [1987], quoting People ex rel. MacCracken v Miller, 291 NY 55, 62 [1943]).
Upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d at 348-349), while according great deference to the jury's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d at 495), we are satisfied that the verdict convicting defendant of sexual abuse in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]).{**70 Misc 3d at 58}
Defendant's arguments that he was denied a fair trial because of the redaction of the complainant's medical records and the People's failure to produce all of the records (argument Nos. 8 and 9) are unpreserved for appellate review as defendant's trial attorney never objected thereto in the Justice Court, and we decline to review these arguments in the interest of justice. With respect to argument Nos. 1, 2, 3, 6 and 7, we find that they are unpreserved for appellate review since no objections were made thereto in the Justice Court (see CPL 470.05 [2]). We note that a "motion pursuant to CPL 330.30 does not preserve for . . . review a contention that is not otherwise preserved" (People v Calkins, 1 AD3d 1021, 1022 [2003]; see People v Callistro, 146 AD3d 795, 797 [2017]; People v Boley, 116 AD3d 965, 966 [2014]). In any event, upon a review of these arguments in the interest of justice, we find that they lack merit.
We find, however, that defendant was denied a fair trial due to errors made by the prosecutor (argument No. 4), which we review as a matter of discretion in the interest of justice, and by his trial attorney (argument No. 5). In order to rebut the testimony of [*3]defendant's forensic psychiatrist, the People presented the testimony of a licensed social worker who was qualified "to testify as an expert as to the issue of forensic interviewing and best practices," which apparently included the topics of false memories and suggestibility. The People's examination of this witness was limited to the aforementioned topics. However, on cross-examination, defendant's trial attorney repeatedly asked the witness questions regarding scenarios similar to the facts at bar—concerning when a child makes an outcry of sexual abuse and then does not mention it again for several years, after which the parent repeatedly asks the child about it but the child does not want to talk about it—which brought up the topic of original trace memories. The witness finally stated that "the original trace memory is the original memory. Even if this person, this adult . . . is trying to put something else there, is asking about it, it's not going to change what that original trace memory was. That's there. That's encoded." We find that this testimony clearly bolstered the complainant's testimony.
Upon her cross-examination of defendant, the prosecutor repeatedly asked whether the complainant had lied and to explain why the complainant would have lied. However, at no time during defendant's direct testimony did he state that the{**70 Misc 3d at 59} complainant had lied. We note that defendant's trial attorney did not object to this line of questioning. The prosecutor also commented during her summation that defendant could not think of any reason why the complainant would have made up her allegations, to which defendant's trial attorney failed to object. Assuming that such questioning and comment by the prosecutor served to shift the burden of proof, we find that such error was not ameliorated by the Justice Court's subsequent charge to the jury regarding the burden of proof.
The aforementioned acts and omissions by defendant's trial attorney were "so 'egregious and prejudicial' as to deprive . . . defendant of his constitutional right" to the effective assistance of counsel (People v Turner, 5 NY3d 476, 480 [2005]; People v Caban, 5 NY3d 143, 152 [2005]). In our opinion, the trial, viewed as a whole, was not fair (see People v Ozuna, 7 NY3d 913, 915 [2006]); it is clear that the representation defendant received from his trial attorney fell short of an objective standard of reasonableness (see People v Turner, 5 NY3d at 485) and, thus, defendant was not provided with meaningful representation (see NY Const, art I, § 6; People v Caban, 5 NY3d at 155-156; People v Ford, 86 NY2d 397 [1995]; People v Johnson, 71 AD3d 1048 [2010]; see also US Const Amend VI; Strickland v Washington, 466 US 668 [1984]). Defendant's trial attorney's deficient performance clearly prejudiced the defense (see Strickland v Washington, 466 US at 687-688). In view of the foregoing, we pass on no other issue.
Accordingly, the judgment of conviction is reversed and the matter is remitted to the Justice Court for a new trial.
Adams, P.J., Tolbert and Ruderman, JJ., concur.