People v Jones (2021 NY Slip Op 01895)





People v Jones


2021 NY Slip Op 01895


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


165 KA 18-02100

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDRE JONES, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN MARKARIAN, JANE I. YOON, OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered September 12, 2018. The judgment convicted defendant upon a nonjury verdict of robbery in the third degree, petit larceny (two counts) and assault in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of, inter alia, robbery in the third degree (Penal Law § 160.05) and assault in the third degree (§ 120.00 [1]). We affirm.
The conviction of robbery in the third degree and assault in the third degree is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Moreover, viewing the evidence independently and in light of the elements of those crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 348-349 [2007]), we reject defendant's contention that the verdict convicting him of those crimes is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Contrary to defendant's further contention, the fact that he was the only individual in the photo array with a tattoo and piercing did not make the photo array unduly suggestive; the tattoo and piercing were barely visible and thus did not "orient the viewer toward the defendant as the perpetrator" (People v Spence, 92 AD3d 905, 905 [2d Dept 2012]; see People v Clarke, 55 AD3d 1447, 1449 [4th Dept 2008], lv denied 11 NY3d 923 [2009]; People v Jamison, 291 AD2d 298, 299 [1st Dept 2002], lv denied 98 NY2d 652 [2002]; see generally People v Hoffman, 162 AD3d 1753, 1755 [4th Dept 2018], lv denied 32 NY3d 1065 [2018]).
Defendant's absence from a particular sidebar conference did not violate his constitutional and statutory right to be present at all material stages of the trial. The trial judge stated on the record that the disputed sidebar involved scheduling and related issues, and it is well established that a criminal defendant has no constitutional or statutory right to personally attend sidebar conferences involving ministerial matters such as scheduling (see People v Dokes, 79 NY2d 656, 660 [1992]). Defendant's allegation that the trial judge lied in describing the sidebar is "entirely lacking in merit" (Matter of Flanigan v Smyth, 148 AD3d 1249, 1253 [3d Dept 2017], lv dismissed in part and denied in part 29 NY3d 1046 [2017]).
To the extent it can be reviewed on direct appeal, defendant's ineffective assistance of counsel claim is without merit (see People v Brunner, 16 NY3d 820, 821 [2011]; People v Nichols, 163 AD3d 39, 50 [4th Dept 2018]; People v Madison, 106 AD3d 1490, 1492 [4th Dept 2013]; see generally People v Caban, 5 NY3d 143, 152 [2005]). Finally, the sentence is not unduly harsh or severe.
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court