UNITED STATES of America, Appellee,

v.

Marvin Allen RUNDELL, Appellant.

No. 88–1444.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1988.

Decided Oct. 3, 1988.

Leslie R. Ablondi, Little Rock, Ark., for appellant.

Robert L. Neighbors, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

PER CURIAM.

Marvin Allen Rundell appeals from a final judgment entered in the District Court[1] for the Eastern District of Arkansas upon a jury verdict finding him guilty of bank robbery in violation of 18 U.S.C. § 2113(a). The district court sentenced appellant to twenty years imprisonment. For reversal appellant argues the district court erred in admitting the in-court identification testimony of two eyewitnesses. For the reasons discussed below, we affirm the judgment of the district court.

On July 9, 1987, two tellers at the First State Bank of Sherwood, Arkansas, were counting and bundling currency. A man wearing a baseball cap and sunglasses approached the tellers, pointed a gun at them, demanded and obtained the money, and left the building. A bank vice-president ob-

---

1. The Honorable Andrew W. Bogue, United States District Judge for the Eastern District of Arkansas.

served a 1985 to 1987 black Chrysler LeBaron pull away from the bank at high speed. Soon afterward, the tellers gave their descriptions of the man to the police. Each description resulted in a composite drawing from an "Identikit." In addition, police learned that a 1986 black Chrysler LeBaron belonging to Helen Rundell had recently been reported as stolen.

On the day of the robbery, appellant was arrested in a motel parking lot as he was about to enter a black Chrysler LeBaron bearing license plates registered to him on a 1980 brown Renault. He had $2,240 in bills in his pocket. An inventory search of the car's trunk revealed a toy pistol, a baseball cap, a pair of sunglasses, and a bundle of bills totalling $1,676 with the initials "CH" on the wrapper.

Neither bank teller participated in any pretrial identification procedure. At trial on March 15, 1988, teller Cathy Henderson described the robber as a white male, 5'8"–5'10", 160–170 pounds; wearing sunglasses, a khaki-colored shirt, dark pants, and a baseball cap; and holding a black gun. She identified by her initials the bundle of currency found in the trunk of the car, and identified other government exhibits as being similar to the gun, cap, and sunglasses used by the robber. Henderson testified she had a clear view of the robber for thirty seconds to a minute. She then identified appellant, sitting at the counsel table, as the robber.

During Henderson's cross-examination, appellant stood at his attorney's request and said, "Give me the money." Henderson testified she believed that that was the voice she heard at the time of the robbery and that appellant was the man who came into the bank. She further testified she had not seen him since July 9, had not viewed any photograph of him, and had seen only a single composite drawing based on her description to the police shortly after the robbery.

The other teller, Shelley Rowland, identified money retrieved from appellant's pocket as a bundle of currency she had marked in red ink just before the robbery. She testified she saw and identified that same currency later on July 9 at the police sta-

tion. Rowland described the robber as a white male, about 5'8", 160–165 pounds, with collar-length sandy blond hair; wearing sunglasses, a baseball-type cap, and a brown short-sleeved shirt; and holding a gun. She identified government exhibits as the robber's gun, cap, and sunglasses, and then identified appellant as the robber.

The only issue on appeal is whether the in-court confrontation and identifications were so suggestive and unreliable as to violate appellant's right to due process.

In the context of eyewitness identification testimony, "[i]t is the likelihood of misidentification which violates a defendant's right to due process." *Neil v. Biggers*, 409 U.S. 188, 198, 93 S.Ct. 375, 381, 34 L.Ed.2d 401 (1972). A due process challenge to an in-court identification therefore requires a two-step determination: whether the challenged confrontation was impermissibly suggestive and, if so, whether the identification was nonetheless reliable under the totality of the circumstances. *Graham v. Solem*, 728 F.2d 1533, 1541 (8th Cir.) (banc), *cert. denied*, 469 U.S. 842, 105 S.Ct. 148, 83 L.Ed.2d 86 (1984).

In evaluating reliability, the court must consider the following factors:

the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

*Neil v. Biggers*, 409 U.S. at 199–200, 93 S.Ct. at 382. Against this assessment, the court should weigh "the corrupting effect" of the suggestive identification procedure to determine whether there was "such a substantial likelihood of irreparable misidentification that the testimony should not be heard by the jury." *Graham v. Solem*, 728 F.2d at 1542, 1547 (citing *Manson v. Brathwaite*, 432 U.S. 98, 114, 116, 97 S.Ct. 2243, 2253, 2254, 53 L.Ed.2d 140 (1977)).

Appellant emphasizes that during the eight months between the robbery and his trial, the eyewitnesses never saw him or his photograph. He argues that the in-court confrontation was impermissibly

suggestive because he was sitting at the defense table as the only person on trial and thus the only person who could have been identified as the robber. Apparently, however, defense counsel did not request that appellant be allowed to sit elsewhere. Moreover, he did not object to the in-court identifications.

Except for the suggestiveness inherent in the witnesses' knowing that appellant was the sole defendant charged with the robbery, *see United States v. Robinson,* 782 F.2d 128, 131 n. 3 (8th Cir.1986), there is no indication that the in-court identifications were based on anything other than the witnesses' observations at the time of the crime. Thus, the more important question is whether the identifications based on those observations were reliable even if the in-court confrontation was suggestive. *See id.; Graham v. Solem,* 728 F.2d at 1542.

Applying the factors outlined in *Biggers,* appellant argues that the witnesses' view of the robber was very brief and obscured by the robber's cap and sunglasses, and that their fear and "shock" detracted from their attentiveness. He argues further that their descriptions, though similar to each other, were general and vague, and given to the police after Henderson and Rowland had time to discuss the details together.

We believe, however, that the adequacy of the witnesses' opportunity to view and of their degree of attention is supported by their ability to describe the robber and assist in the preparation of Identikit composites. Appellant does not claim that the descriptions were inaccurate, and he concedes that the witnesses were very certain of their in-court identifications.

The length of time—more than eight months—between the robbery and the in-court confrontation is, as appellant argues, the factor most negatively affecting reliability in this case. Nevertheless, this factor alone does not render the in-court identifications so unreliable as to be inadmissible. *Cf. United States v. Robinson,* 782 F.2d at 131–32 (identification admissible despite five-month lapse between crime and in-court confrontation); *United States v. Samalot Perez,* 767 F.2d 1, 3 (1st Cir.1985) (same, despite four-year delay). Rather, the passage of time was a proper item for cross-examination and closing argument, *see Manson v. Brathwaite,* 432 U.S. at 113, 97 S.Ct. at 2252 and n. 14, and a circumstance for the jury to consider in assessing the weight to be given the identification testimony. *See United States v. Samalot Perez,* 767 F.2d at 3; *Graham v. Solem,* 728 F.2d at 1548.

Finally, although "other evidence of guilt does not play a formal role in the [*Biggers* ] analysis * * *, it is difficult to ignore additional facts which indicate that the actual likelihood of misidentification in this case was slim." *Graham v. Solem,* 728 F.2d at 1546 (citing *Manson v. Brathwaite,* 432 U.S. at 116, 97 S.Ct. at 2254).

Under the totality of the circumstances here, we are convinced that the identification testimony was sufficiently reliable to overcome any likelihood of misidentification created by the courtroom confrontation, and that the testimony was thus properly admitted. Accordingly the judgment of the district court is affirmed.