# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3643

_____

United States of America,        *
        *
       Appellee,    *
        *  Appeal from the United States
    v.       *  District Court for the Western
        *  District of Missouri.
John E. Wilson,     *
        *
       Appellant.   *

_____

Submitted:  May 12, 1999

Filed:  August 24, 1999

_____

Before BEAM, FLOYD R. GIBSON, and MURPHY, Circuit Judges.

_____

FLOYD R. GIBSON, Circuit Judge.

John E. Wilson appeals his twenty-one month sentence entered by the district court[1] for filing a fraudulent income tax return, in violation of 26 U.S.C. § 7206(1) (1994). The question in this case is which version of the United States Sentencing Guidelines Manual should the district court have used in calculating Wilson's sentence. Wilson argues that the district court erroneously relied on the November 1997 Sentencing Guidelines Manual, the version in effect at the time of his sentencing,

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

instead of the 1992 Sentencing Guidelines Manual. Wilson contends that the 1992 Guidelines apply because he was convicted of filing a fraudulent tax return only for tax year 1992, which was a completed offense on May 5, 1993. For the reasons set forth below, we affirm.

## I. BACKGROUND

On April 1, 1998, a federal grand jury returned a three-count Indictment against John E. Wilson, charging him with filing fraudulent tax returns for the 1991, 1992, and 1993 tax years, in violation of 26 U.S.C. § 7206(1). Ultimately, discussions between the government and Wilson resulted in Wilson executing a formal Plea Agreement (Agreement) on June 16, 1998. Pursuant to the Agreement, Wilson pleaded guilty to Count Two of the Indictment (regarding the 1992 tax year) in exchange for the government's agreement to dismiss Counts One and Three. The Agreement also specifically referenced the money Wilson failed to report that corresponded to Counts One and Three and indicated that these sums could be used as relevant conduct under Section 1B1.3 of the Guidelines.[2] In addition, Wilson and the government specifically

_____

[2]In pertinent part, the Agreement provided:

Regarding the application of the Sentencing Guidelines to this case, the parties agree that:

      a.    In addition to the sum identified in Count Two of the Indictment, the defendant admits he failed to report $130,358 of taxable income in 1991, and $118,595 of taxable income in 1993. The defendant agrees that the Court may consider these amounts as "relevant conduct" under § 1B1.3 of the Sentencing Guidelines for purposes of calculating an appropriate sentence in this case.

Appellant's Br. at B-2.

outlined in the Agreement the applicable base offense level for the charge of filing a fraudulent tax return as 15 pursuant to Guideline § 2T4.1.[3]

After Wilson entered his guilty plea, the district court ordered the probation office to prepare the Presentence Investigation Report (PSIR). The probation officer used the November 1997 version of the Guidelines, which was the version in effect on October 6, 1998, the date of Wilson's sentencing hearing. The probation officer determined that the total tax loss attributable to the offense was $160,701 and that a base offense level of 15 is required for a tax liability of $160,701. See U.S.S.G. § 2T4.1(J) (Nov. 1997). After various adjustments to the offense level, the probation officer arrived at a total offense level of 16 and a criminal history category of I.

At the sentencing hearing, neither the government nor Wilson voiced any objections to the PSIR. In fact, Wilson's attorney commented that he had "reviewed [the PSIR] and believe[d] it is correct and accurate in all matters." Tr. of Sentencing Hearing at 2. After the district court decided to adopt the PSIR's findings and found Wilson's total offense level to be 16 with a criminal history category of I, Wilson's attorney again agreed that this was the correct offense level and criminal history category. The district court further found that the Guidelines sentencing range for this offense level and criminal history category is 21 to 27 months of incarceration and decided to impose on Wilson a sentence of 21 months of incarceration, to be followed by three years of supervised release. Once again, Wilson's attorney stated that Wilson had no objection to the sentence that the court had imposed.

---

[3]Wilson's tax liability for Count Two was $160,701. A base offense level of 15 is required for a tax liability of more than $120,000 but less than or equal to $200,000. See U.S. Sentencing Commission, Guidelines Manual, § 2T4.1(J) (Tax Table) (Nov. 1997); compare U.S. Sentencing Commission, Guidelines Manual, § 2T4.1(H) (Tax Table) (Nov. 1992) (requiring a base offense level of 13 for a tax liability of more than $120,000 but less than or equal to $200,000).

Following the imposition of his sentence, Wilson contacted a different attorney. On October 16, 1998, Wilson filed his notice of appeal, arguing that the wrong version of the Guidelines was used to compute his sentence. On October 19, 1998, Wilson's new attorney contacted the probation officer to raise the issue that the November 1992 Manual should have been used and that the calculations under this Manual would result in a total offense level of 14, a criminal history category of I, and a sentencing range of 15 to 21 months of incarceration. On October 21, 1998, the probation officer informed the district court of Wilson's objections; however, because Wilson had already filed his notice of appeal and the government would not agree to a remand, the district court was without jurisdiction to revisit the matter. As such, this appeal followed.

## II.    DISCUSSION

Wilson's only argument on appeal is that the district court erred in using the 1997 version of § 2T4.1 of the Guidelines to determine his base offense level for filing a fraudulent tax return as opposed to the 1992 version of § 2T4.1, which was in effect at the time Wilson committed the offense in Count Two. Wilson claims that this resulted in a violation of the Ex Post Facto Clause of the United States Constitution, see U. S. Const. art. I, § 9, cl. 3, because his base offense level of 15 under the 1997 Guidelines was two points higher than the base offense level of 13 under the 1992 Guidelines. The 1997 Guidelines also mandated a 21 to 27 month sentencing range while the 1992 Guidelines only carried a 15 to 21 month sentencing range. Wilson contends that his sentence of 21 months of incarceration under the 1997 Guidelines was harsher than the sentence he perceives the district court would have imposed under the 1992 Guidelines because he believes the district court would have imposed a sentence of 15 months, which is at the low end of the sentencing range for the 1992 Guidelines.

Because Wilson raises his ex post facto claim, properly, for the first time on appeal, we review his claim for plain error. See Fed. R. Crim. P. 52(b). Under this standard of review,

> we examine whether the district court committed plain error and, if so, then determine if it affected [Wilson's] substantial rights. If there was plain error and substantial rights were affected, we then exercise our discretion to vacate [Wilson's] sentence only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

United States v. Comstock, 154 F.3d 845, 847 (8th Cir. 1998) (internal quotations and citations omitted).

In the instant case, we need not reach the issue of whether the district court erroneously applied the 1997 Guidelines Manual in sentencing Wilson and whether applying the 1997 version violated the Ex Post Facto Clause because we find that Wilson waived any objection to applying this version of the Guidelines to arrive at a base offense level of 15.

"It is well settled that a defendant may waive constitutional rights as part of a plea bargaining agreement" provided that the waiver is informed and voluntary. United States v. Garrido, 995 F.2d 808, 814 (8th Cir. 1993). Here, Wilson expressly approved the Agreement with full knowledge of the potential penalties which, specifically, included that § 2T4.1 applied and provided for a base offense level of 15 and that the maximum sentence for Count Two would not exceed three years imprisonment and three years of supervised release. See Appellant's Br. at B-2 to B-3. A base offense level of 15 was inconsistent with the November 1992 Guidelines which only imposed a base offense level of 13. See supra n.3.

We have previously held that "a defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal." United States v. Fritsch, 891 F.2d 667, 668 (8th Cir. 1989); see also United States v. Early, 77 F.3d 242, 244 (8th Cir. 1996) (Per curiam) (defendant may not challenge application of Guidelines on appeal where written plea agreement expressly provides the applicable base offense and defendant is not challenging the validity of the plea agreement or seeking to withdraw from it).

At the sentencing hearing, Wilson's attorney indicated that both he and Wilson had reviewed the PSIR and "believe[d] it is correct and accurate in all matters." Tr. of Sentencing Hearing at 2. In fact, Wilson's attorney specifically assured the district court that the PSIR recommended the correct offense level and criminal history category. See id. at 3. Finally, Wilson's attorney told the district court that Wilson had no objection to the 21 month term of imprisonment and three years of supervised release that the district court imposed. See id. at 10.

In sum, we conclude that Wilson, by accepting the benefits of the Agreement (the dismissal of Counts One and Three) and by agreeing that a base offense level of 15 under § 2T4.1 applied to Count Two, waived any objection to the invalidity of applying the November 1997 Guidelines.

## III.   CONCLUSION

For the foregoing reasons, we affirm the district court's judgment and the sentence imposed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.