THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CHATMAN, Appellant. [833 NYS2d 794]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered September 17, 2003. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree and grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of robbery in the second degree (Penal Law § 160.10 [3]) and grand larceny in the third degree (§ 155.35), defendant contends that County Court erred in denying that part of his omnibus motion seeking to suppress the

statement that he made to a police officer on the ground that he was in custody when he made the statement but had not received his *Miranda* warnings. Although we agree with defendant that the court should have suppressed the statement, we nevertheless conclude that the error is harmless beyond a reasonable doubt (*see generally People v Crimmins*, 36 NY2d 230, 237 [1975]). Defendant was stopped by the police while driving a stolen vehicle, and he fled from the police after leaving the vehicle. When he was apprehended following a foot chase, he was immediately transported to the scene of the crime where he was identified by the victim. Thus, the evidence of defendant's guilt is overwhelming, and there is no reasonable possibility that the erroneous admission of the statement at issue, i.e., that defendant ran from the police because he had no driver's license, contributed to the conviction (*see generally id.*; *People v Bastian*, 294 AD2d 882, 884 [2002], *lv denied* 98 NY2d 694 [2002]). Similarly, although we agree with defendant that the court erred in denying his request to charge the jury with respect to the voluntariness of the statement, we conclude that the error is harmless beyond a reasonable doubt (*see generally Crimmins*, 36 NY2d at 237).

Finally, defendant contends that the People failed to establish that he forcibly stole property and thus that the evidence is legally insufficient to support the robbery conviction. We reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The victim testified that defendant pushed her with such force that she stepped backward, allowing defendant to enter her vehicle (*see People v Woodridge*, 30 AD3d 898, 900 [2006], *lv denied* 7 NY3d 852 [2006]). Additionally, the victim testified that, when she attempted to prevent defendant from driving off in her vehicle, he broke her grip on him by driving off, thereby using physical force for the purpose of overcoming her resistance (*see* Penal Law § 160.00 [1]; *People v Santiago*, 62 AD2d 572, 579-580 [1978], *affd* 48 NY2d 1023 [1980]). Present—Hurlbutt, J.P., Martoche, Lunn, Peradotto and Green, JJ.