■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER ORTIZ, Appellant. [845 NYS2d 293]—

Judgment, Supreme Court, Bronx County (Megan Tallmer, J.), rendered March 1, 2005, convicting defendant, after a jury trial, of murder in the second degree and attempted murder in the second degree, and sentencing him to consecutive terms of 20 years to life and 10 years, respectively, unanimously affirmed.

The court properly exercised its discretion in denying defendant's mistrial motion, made after a woman claiming to be a juror telephoned the court and expressed a possible bias. The court conducted thorough individual inquiries of the female jurors, each of whom denied making the call, and there is no basis for disturbing its credibility determinations (*see e.g. People v Jamison*, 291 AD2d 298, 299 [2002], *lv denied* 98 NY2d 652 [2002]). This inquiry established that there was no factual basis for any claim of bias, since the call was either made by an impostor or a discharged juror. Defendant did not preserve his claim that the court should have conducted a further inquiry utilizing phone records, or any of his constitutional arguments regarding this incident, and we decline to review them in the interest of justice. Were we to review these claims, we would find them without merit.

Defendant did not preserve his claim that the prosecutor prejudiced defendant's voir dire of prospective jurors by misleading him as to whether a particular witness would be called. Defendant, at most, alluded to such an issue in making the above-discussed mistrial motion, and never alerted the court to the specific argument he raises on appeal (*see People v Borrello*, 52 NY2d 952 [1981]). Furthermore, he never made any constitutional argument. We decline to review any of defendant's arguments on this issue in the interest of justice. Were we to review these claims, we would find that the prosecutor did not make any false or misleading affirmative representations as to whether the witness in question would testify, and we would find any error to be harmless in any event.

We reject defendant's claim that he was deprived of conflict-free and effective representation because jury deliberations were recessed for an afternoon so that counsel could attend a closing, and the jury returned its verdict the following morning. This was no conflict of interest, but merely a routine scheduling conflict. There is no merit to defendant's suggestion that counsel's request for a brief hiatus in deliberations was a "conflict"-motivated decision by counsel that necessarily "operated" on the conduct of the defense (*see Cuyler v Sullivan*, 446 US 335, 348-350 [1980]; *People v Harris*, 99 NY2d 202, 210-211 [2002]). Defendant's argument that the delay affected the jury's deliberations, or created a risk of doing so, is based entirely on speculation and surmise.

Defendant's argument concerning an aspect of his sentence was rendered moot by the amended commitment sheet. Concur—Lippman, P.J., Andrias, Nardelli, Gonzalez and Kavanagh, JJ.