■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BARKSDALE, Appellant. [858 NYS2d 5]—

Judgment, Supreme Court, New York County (Robert H. Straus, J.), rendered June 14, 2006, convicting defendant, after a jury trial, of robbery in the second degree, burglary in the third degree (two counts) and criminal possession of stolen property in the fifth degree, and sentencing him, as a second violent felony offender, to concurrent terms of $9^{1}/_{2}$ years, 3 to 6 years, 3 to 6 years, and one year, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility, including its evaluation of a witness's testimony regarding the degree of force defendant used against him.

Defendant and a codefendant entered two drugstores during the early morning hours. In each store, the codefendant, seemingly intent on making a purchase, interacted with store personnel as defendant entered the pharmacy area, which in each case, was enclosed by a wall and counter and accessible only through a door, although the door was unlocked. In the first store, an employee directed defendant to leave the pharmacy area, and defendant departed without taking anything. In the second store, defendant stole boxes of expensive diabetic test strips from the pharmacy area, and when an employee tried to stop him, defendant pushed an employee out of the way with considerable force.

Defendant's act of forcibly pushing the employee out of the way as he attempted to leave the store with stolen merchandise established the crime of robbery (*see* Penal Law § 160.00 [1]; *People v Green*, 277 AD2d 82 [2000], *lv denied* 96 NY2d 784 [2001]). The conduct of the codefendant in apparently casing each store, distracting employees while defendant entered the pharmacy area, and fleeing with him after the theft supported the conclusion that defendant was aided by another person actually present, thereby satisfying that element of second-degree robbery (*see* Penal Law § 160.10 [1]; *People v Hazel*, 26 AD3d 191 [2006], *lv denied* 6 NY3d 848 [2006]). Each pharmacy area

was unmistakably closed to the public notwithstanding the absence of any warning sign or additional security measures (*see People v Powell*, 58 NY2d 1009, 1010 [1983]), thus establishing the trespass element of burglary. The evidence also supports the inference that defendant entered each pharmacy area with intent to commit a crime.

The court properly exercised its discretion in declining to declare a mistrial based on alleged juror misconduct, or to conduct a further investigation regarding the identity of the juror involved therein. After making a thorough individual inquiry of each juror, the court properly concluded that the initially unidentified juror who had engaged in the improper conduct in question was a juror whom the court had discharged for other reasons (*see People v Ortiz*, 45 AD3d 368 [2007]). The circumstances did not warrant any further efforts to identify the errant juror.

We perceive no basis for reducing the sentence. Concur—Gonzalez, J.P., Nardelli, Buckley and Catterson, JJ.