■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRINGTON HARVEY, Appellant. [985 NYS2d 721]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered June 30, 2011, convicting him of robbery in the first degree, robbery in the third degree (three counts), criminal possession of stolen property in the fifth degree (three counts), and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the facts, by vacating the conviction of robbery in the third degree under count three of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of robbery in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]), and, in any event, is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of robbery in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of robbery in the first degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, we find that the verdict of guilt on count three of the indictment, charging the defendant with robbery in the third degree, was against the weight of the evidence. "A person is guilty of robbery in the third degree when he forcibly steals property" (Penal Law § 160.05). Pursuant to Penal Law § 160.00 (1), "A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of . . . [p]reventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking." With regard to count three of the indictment and the incident involved therein, there was no evidence presented to support the conclusion that the defendant used or threatened the use of physical force upon the victim to prevent or overcome resistance to the taking of her bag (*cf. People v Dobbs*, 24 AD3d 1043, 1044 [2005]; *People v Middleton*,

212 AD2d 809, 809-810 [1995]). Thus, acquittal of this count would not have been unreasonable, and, based on the weight of the credible evidence, the jury was not justified in finding the defendant guilty of robbery in the third degree under this count of the indictment (*see generally People v Danielson*, 9 NY3d at 348). Accordingly, the conviction of robbery in the third degree under count three of the indictment, and the sentence imposed thereon, must be vacated, and that count of the indictment must be dismissed.

The defendant's contention that trial counsel's failure to preserve certain claims for appellate review constituted ineffective assistance of counsel is without merit (*see People v Bedford*, 95 AD3d 1226, 1226 [2012]; *People v Cuyler*, 95 AD3d 900, 901 [2012]; *People v Erskine*, 90 AD3d 674, 675 [2011]).

The sentences imposed on the convictions of robbery in the first degree, robbery in the third degree under counts two and four of the indictment, criminal possession of stolen property in the fifth degree, and resisting arrest were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention need not be reached in light of our determination. Balkin, J.P., Dickerson, Roman and Miller, JJ., concur.