# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1168

_____

United States of America

*Plaintiff - Appellee*

v.

Reginald L. Shumpert

*Defendant - Appellant*

------------------------------

The Innocence Project, Inc.

*Amicus on Behalf of Appellant(s)*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: January 12, 2018
Filed: May 4, 2018

_____

Before COLLOTON, BENTON, and ERICKSON, Circuit Judges.

_____

BENTON, Circuit Judge.

After a bench trial, Reginald L. Shumpert was convicted of bank robbery, in violation of 18 U.S.C. § 2113(a). He appeals, arguing that the district court[1] erred in failing to suppress an in-court identification. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

On May 9, 2014, around 9:30 a.m., a man entered the Bank of Missouri in Cape Girardeau. Approaching teller Tasha Schusler, he put a note in front of her. It said she had five minutes to give him all the money from her drawer, or he would detonate a bomb strapped to his chest and also a bomb at a school. He stood two feet from her. She noted he was wearing bib overalls, a long-sleeved shirt, and a wig. He was about six feet four inches tall, 190 to 200 pounds, had a broad nose, several gold teeth, a large tattoo on his left hand of a triangle with an image and writing, and a large tattoo on his right hand. Reading the note, Schusler looked at him. He told her to "think about the kids." She gave him the money in her drawer. He placed a device with pipes, wires, a blinking light, and a switch on the counter, and left. Schusler called 911.

Meanwhile, an employee of a nearby business noticed a "goldish brown" car with a Texas license plate in the parking lot. A coworker later identified the car as a Ford Crown Victoria with a rough, non-factory paint job. The coworker saw the driver's arm, believing it belonged to a black male.

Kristie Hamilton, Shumpert's former girlfriend living in Texas, owned a gold Ford Crown Victoria. It was stolen in 2013, returning with a brown-gold paint job. The car was stolen again. While stolen, she received Missouri parking violations for it. Hamilton knew that Shumpert had relatives in Missouri. She was familiar with

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

his hand tattoos. One depicted a triangle with an eye and the words "No Play" underneath it. The other, a stack of cash with the words "All Work" underneath it.

On the day of the robbery, a driver noticed a man and woman by a car in a hotel parking lot. It appeared he was assaulting her. The driver called 911, telling the operator the car was a Crown Victoria with a specific Texas license plate number. The number matched that of the stolen car. Police arrived, finding only the woman in the parking lot. She said Shumpert was her assailant. Later, seeing a photo from the robbery, she recognized as Shumpert's the dreadlocks wig, shoes, overalls, and tattoos. She called the tip line to report her suspicions that Shumpert was the robber.

At trial, Schusler identified Shumpert as the man who robbed her. The government had him stand in front of her, asking if he was the man who robbed her. Shumpert's counsel did not object. At the end of cross-examination, Shumpert's counsel had him again stand in front of her, asking her about specific identifying characteristics.

The district court found Shumpert guilty. He argues that the district court erred by allowing and admitting the in-court identification. He believes it was so suggestive and unreliable as to violate due process.

"An error by the trial court, even one affecting a constitutional right, is forfeited—that is, not preserved for appeal—'by the failure to make timely assertion of the right.'" *United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005) (en banc), *quoting **United States v. Olano***, 507 U.S. 725, 731 (1993). "Errors not properly preserved are reviewed only for plain error." *Id.* Under plain error, "[t]here must be an 'error' that is 'plain' and that 'affect[s] substantial rights.'" *Olano*, 507 U.S. at 732 (second alteration in original). This court has the discretion to decide whether "to correct the forfeited error," and does so only when "the error 'seriously affect[s]

-3-

the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 732 (alteration in original), *quoting* **United States v. Young**, 470 U.S. 1, 15 (1985).

Shumpert specifically believes that the district court should have conducted a reliability analysis under *Neil v. Biggers*, 409 U.S. 188, 198 (1972). This review requires a two-part test. **United States v. Rundell**, 858 F.2d 425, 426 (8th Cir. 1988); **Graham v. Solem**, 728 F.2d 1533, 1541 (8th Cir. 1984) (en banc). First, whether the confrontation was "impermissibly suggestive." **Graham**, 728 F.2d at 1541, *quoting* **Simmons v. United States**, 390 U.S. 377, 384 (1968). Then, considering "the totality of the circumstances," whether "the suggestive confrontation created 'a very substantial likelihood of irreparable misidentification.'" **Id.**, *quoting* **Manson v. Brathwaite**, 432 U.S. 98, 116 (1977). In determining reliability, a court considers the five factors in *Biggers*: (1) the witness's opportunity to view the criminal at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description of the criminal, (4) the witness's level of certainty at the confrontation, and (5) the length of time between the crime and the confrontation. **Biggers**, 409 U.S. at 199-200. Against these factors, a court weighs "the corrupting effect of the suggestive identification." **Manson**, 432 U.S. at 114.

Even if the district court erred in not conducting a reliability analysis under *Biggers*, Shumpert's arguments fail because the error is not plain under current law. The courts are divided whether a reliability analysis is required to admit an in-court identification. *Compare* **United States v. Thomas**, 849 F.3d 906, 911 (10th Cir. 2017) (reliability analysis of in-court identifications required "only after the defendant establishes improper police conduct"), *and* **United States v. Whatley**, 719 F.3d 1206, 1216 (11th Cir. 2013) (same), *with* **Lee v. Foster**, 750 F.3d 687, 691-92 (7th Cir. 2014) (relying on *Biggers* to conduct a reliability analysis of an in-court identification), *and* **United States v. Greene**, 704 F.3d 298, 308 (4th Cir. 2013) (same). *Cf.* **United States v. Correa-Osorio**, 784 F.3d 11, 19-20 (1st Cir. 2015) (declining to decide whether *Perry* or *Biggers* requires a reliability analysis for in-

court identifications, while reaching the same result under either).  *See generally Perry v. New Hampshire*, 565 U.S. 228, 241 (2012) (requiring a reliability analysis of identifications "only after the defendant establishes improper police conduct").

The district court did not plainly err in admitting the in-court identification.

\* \* \* \* \* \* \*

The judgment is affirmed.

————————————————