# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1632
_____

United States of America

*Plaintiff - Appellee*

v.

Ramone N. Williams

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: May 14, 2018
Filed: August 13, 2018
_____

Before SMITH, Chief Judge, BEAM and COLLOTON, Circuit Judges.
_____

SMITH, Chief Judge.

After Ramone Williams pleaded guilty to firearm offenses, the district court[1] sentenced him to 60 months' imprisonment. Williams argues three Sentencing Guidelines issues on appeal. We affirm.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

## I. *Background*

In the summer of 2015, authorities found Williams in possession of loaded pistols and ammunition in his vehicle. At the time, he had two prior felony convictions in New York. After illegal weapons charges were filed, Williams pleaded guilty to being a felon in possession of a firearm, possessing a stolen firearm, and possessing a firearm with an obliterated serial number.

At the sentencing hearing, the district court determined that Williams's prior New York attempted second-degree robbery conviction is a crime of violence. It also assigned that conviction three criminal history points. The court calculated Williams's Guidelines range as 70 to 87 months and sentenced him to 60 months in prison on each count, to run concurrently.

## II. *Discussion*

Williams raises three issues on appeal. First, he argues that his attempted second-degree robbery conviction does not qualify as a crime of violence. Second, he argues that the district court erroneously assessed three criminal history points for that offense, which he committed prior to age 18. Third, Williams contends that the district court improperly used the 2015 Guidelines Manual rather than the 2016 Guidelines Manual in effect at the time of his sentencing.

### 1. *New York Attempted Second-Degree Robbery as Crime of Violence*

Williams argues that his New York second-degree robbery conviction was not a crime of violence under the Guidelines. We review de novo the district court's determination that a conviction constitutes a crime of violence. *See United States v. Rembert*, 851 F.3d 836, 840 (8th Cir. 2017) (citation omitted).

The Guidelines set a base offense level of 20 if the defendant has a felony conviction for a "crime of violence." U.S.S.G. § 2K2.1(a)(4)(a). A prior felony may qualify as a crime of violence under either the force clause or as an enumerated offense. *See id.* § 4B1.2(a). Under the force clause, a crime of violence is "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 4B1.2(a)(1). A felony is thus a force-clause crime of violence only if a conviction under the statute creating the offense "requires the use, attempted use, or threatened use of [physical] force." *United States v. Swopes*, 886 F.3d 668, 671 (8th Cir. 2018) (en banc). Physical force is "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). In making the determination, "we examine both the text of the statute and how the state courts have applied the statute." *Swopes*, 886 F.3d at 671.

We conclude that Williams's New York attempted second-degree robbery conviction was for a crime of violence under the force clause.[2] We recently considered an almost identical state statute. In *Swopes*, the Missouri statute of conviction provided that "a person commits second-degree robbery 'when he forcibly steals property.'" 886 F.3d at 670 (quoting Mo. Rev. Stat. § 569.030.1 (1979)).

A person "forcibly steals" when, in the course of stealing:

> he uses or threatens the immediate use of physical force upon another person for the purpose of: (a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or (b) Compelling the owner of such property or another person

---

[2]We therefore need not address whether it also qualifies as an enumerated offense. *See, e.g., United States v. Harper*, 869 F.3d 624, 627 (8th Cir. 2017).

> to deliver up the property or to engage in other conduct which aids in the commission of the theft[.]

*Id.* (alteration in original) (quoting Mo. Rev. Stat. § 569.010(1) (1979)). Based on the plain statutory text and the Missouri cases that have interpreted it, we held that Missouri second-degree robbery is a violent felony under the Armed Career Criminal Act (ACCA). *Id.* at 672. In the past, Missouri appellate courts have affirmed convictions where, for example, a defendant pushed a victim and knocked him against a door, or where a defendant grabbed a purse and injured the victim's finger. *See id.* (citations omitted). In contrast, the Missouri courts have reversed convictions where less force was used, such as where a defendant merely grabbed a purse and ran, or where a defendant brushed a clerk's arm during a theft. *See id.* (citations omitted). Cases involving violent felonies under the ACCA are instructive in cases involving crimes of violence. *See United States v. Williams*, 690 F.3d 1056, 1067 (8th Cir. 2012). *Swopes* is therefore instructive in the instant case.

Similar to Missouri's statute, New York's second-degree robbery statute contains "forcibly steals" as an element. *See* N.Y. Penal Law § 160.10 ("A person is guilty of robbery in the second degree when he *forcibly steals* property and when [one of three other circumstances occur]." (emphasis added)). New York and Missouri define "forcibly steals" the same in all material respects. *See id.* § 160.00.

In New York, force capable of causing physical pain or injury suffices to support a conviction just as in Missouri. *See, e.g.*, *People v. Barksdale*, 858 N.Y.S.2d 5 (N.Y. App. Div. 2008) (affirming conviction where the defendant pushed an employee out of the way as he attempted to leave store with stolen merchandise); *People v. Chatman*, 833 N.Y.S.2d 794 (N.Y. App. Div. 2007) (affirming conviction where the defendant pushed victim, allowing the defendant to enter her vehicle, and broke her grip on him by driving off). Also like Missouri, New York does not permit a conviction if a taking is without such force. *See People v. Harvey*, 985 N.Y.S.2d

721, 722 (N.Y. App. Div. 2014) (vacating conviction where "the defendant [did not] use[] or threaten[] the use of physical force upon the victim to prevent or overcome resistance to the taking of her bag" (citations omitted)); *People v. Dobbs*, 805 N.Y.S.2d 734, 735 (N.Y. App. Div. 2005) (affirming reduction where the defendant took a purse, but victim was not "threatened, pushed, shoved or injured during the incident"); *see also People v. Jurgins*, 46 N.E.3d 1048, 1053 (N.Y. 2015) (stating that "a taking 'by sudden or stealthy seizure or snatching' would not be considered a robbery or other felony in New York . . . as it is akin to pickpocketing, or the crime of jostling").[3]

We therefore conclude that the district court did not err in determining that New York attempted second-degree robbery is a crime of violence.[4] However, even if Williams were correct that the court erred, any error would be harmless because it caused Williams no prejudice. *See United States v. Idriss*, 436 F.3d 946, 951 (8th Cir. 2006) ("When the guidelines are incorrectly applied, we remand for resentencing

[3]Persuasive authority from some of our sister circuits supports our conclusion. *See, e.g.*, *Perez v. United States*, 885 F.3d 984, 988 (6th Cir. 2018) (noting that the New York elements "line up perfectly" with ACCA's force requirement and explaining that "New York courts by and large have construed the statute to go beyond a mere touching and to include force that would cause pain to another"); *United States v. Kornegay*, 641 F. App'x 79, 85 (2d Cir. 2016) (summary order) (holding that a New York second-degree robbery conviction is a crime of violence under the force clause). *But cf. United States v. Steed*, 879 F.3d 440, 448–50 (1st Cir. 2018) (concluding that New York second-degree robbery was not a crime of violence as of 2000).

[4]Williams also argues that the district court erred by failing to find that his prior felony involved "the use or carrying of a firearm, knife, or destructive device," which is required under the ACCA for prior juvenile adjudications. *See* 18 U.S.C. § 924(e)(2)(B). The Guidelines do not require this finding. *See* U.S.S.G. § 4B1.2(a) & cmt. n.1. We decline to impose such a finding when the Guidelines speak clearly. *See United States v. Anton*, 380 F.3d 333, 335 (8th Cir. 2004). Williams cites no law for his argument, and we conclude that it lacks merit.

unless the error was harmless, such as when the district court would have imposed the same sentence absent the error." (citation omitted)). The district court affirmed at sentencing that its "imposition of sentence [would have] been the same regardless of which way [it] would have ruled on the guideline objections." Sentencing Transcript at 13–14, *United States v. Williams*, No. 4:15-cr-00257-GAF (W.D. Mo. Mar. 9, 2017), ECF No. 56.

The district court considered the 18 U.S.C. § 3553(a) factors in imposing the sentence. It specifically addressed Williams's record, including his juvenile status when he committed the attempted robbery. And it discussed "[t]he need for the sentence to reflect the seriousness of [the] offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from future crimes, and provide [Williams] with needed educational or correctional treatment." *Id.* at 12. Because the sentence imposed considered the § 3553(a) factors and would have been the same based on those factors regardless of the court's ruling on the crime of violence issue, any alleged error was harmless. *See, e.g.*, *United States v. Thigpen*, 848 F.3d 841, 844 (8th Cir. 2017) (holding harmless an error in determining prior felony was a crime of violence, where the district court stated it would impose the same sentence regardless of the Guidelines calculation).

### 2. *Criminal History Points*

Williams next argues that the district court erred in assessing three criminal history points for the attempted second-degree robbery he committed in 2007, before he turned 18. He says that "as he was not convicted as an adult, he should not have been given three . . . points towards his criminal history." Appellant's Br. at 26. We review for clear error the district court's calculation of criminal history points. *United States v. Simms*, 695 F.3d 863, 864 (8th Cir. 2012) ("Decisions regarding offenses counted in a criminal history calculation are factual determinations subject to clear-error review." (citation omitted)).

In considering offenses committed prior to age 18, the court must add three points "[i]f the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.2(d)(1). Crucial to the inquiry is determining whether an offense committed prior to age 18 would be "classified as an adult conviction under the laws of the jurisdiction in which the defendant [wa]s convicted." *United States v. Hazelett*, 32 F.3d 1313, 1320 (8th Cir. 1994) (citations omitted).

The Second Circuit has recognized that the New York youthful offender scheme is complex and the title "youthful offender adjudication" is far from dispositive. *United States v. Driskell*, 277 F.3d 150, 154–57 (2d Cir. 2002). But a youthful offender is first "convicted as an adult and only later may, in the court's discretion, have that conviction vacated and replaced by a youthful offender finding." *Id.* at 155 (citing *Capital Newspapers Div. of the Hearst Corp. v. Moynihan*, 519 N.E.2d 825, 827 (N.Y. 1988) ("Most significantly, youthful offender status is under the statute determined only after [a] defendant has been tried and convicted criminally . . . ." (citation omitted))). Moreover, the Guidelines are clear that the conviction attaches when the defendant's guilt is "established, not when a formal entry of judgment is made." *Id.* at 156 (citing U.S.S.G. § 4A1.2(a)(4) ("'Convicted of an offense,' for the purposes of this provision, means that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere.")). Although an individual in New York can receive a youthful offender "adjudication," the relevant establishment of guilt happens before any potential youthful offender adjudication might occur. *See id.*; *Capital Newspapers*, 519 N.E.2d at 827.

Without dispute, the record shows that Williams has a prior conviction for attempted second-degree robbery in Queens County Supreme Court. *See* Presentence Investigation Report (PSR) at 8, *United States v. Williams*, No. 4:15-cr-00257-GAF (W.D. Mo. Oct. 13, 2016), ECF No. 37. He committed the offense in July 2007, about three months before he turned 18. He was found guilty. Thus, his guilt was

-7-

established—pursuant to U.S.S.G. § 4A1.2(a)(4)—in March 2008. Then, in April 2008, Williams was adjudicated a youthful offender. He was sentenced to one to three years' custody[5] and was housed in a maximum-security facility for adult males. *See Driskell*, 277 F.3d at 151 (directing district courts to consider, among other things, where the defendant was incarcerated). The district court did not clearly err in finding that this conviction was an adult conviction even though Williams was later deemed to be a youthful offender. However, even if the district court erred in assessing these criminal history points, no prejudice resulted and any error was harmless. *See Idriss*, 436 F.3d at 951. Again, the district court was clear that it would have imposed the same sentence regardless of its ruling on Williams's guideline objections. *See, e.g.*, *Simms*, 695 F.3d at 866 (holding harmless any error in assessing a criminal history point for a prior offense where the district court stated it would have imposed the same sentence regardless).

### 3. *Alleged Use of the Wrong Guidelines Manual*

Williams last argues that the district court applied the 2015 Guidelines Manual rather than the Guidelines Manual in effect at the time of sentencing. We review de novo the district court's application of the Guidelines. *United States v. Steward*, 880 F.3d 983, 985 (8th Cir. 2018). But because Williams failed to object to the use of the wrong Guidelines Manual, we review for plain error. *See United States v. Wilson*, 184 F.3d 798, 800 (8th Cir. 1999). Williams must show that the court committed a plain error that affected his substantial rights and that "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Shumpert*, 889 F.3d 488, 490 (8th Cir. 2018) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

---

[5]An exhibit to Williams's sentencing memorandum indicates that Williams was sentenced in April 2008. The PSR, on the other hand, states that he was sentenced in March 2008. The date of the sentencing is not material to our analysis. What matters is that he was adjudicated a youthful offender after he was convicted of the crime.

The district courts must use the Guidelines Manual in effect at the time of sentencing, unless doing so would violate the *Ex Post Facto* Clause. U.S.S.G. § 1B1.11. Here, the prepared PSR stated that the 2015 Guidelines Manual was used to determine Williams's offense level. However, Williams's sentencing occurred in spring 2017, when the 2016 Guidelines Manual was in effect. Fatal to Williams's argument is that he has not identified any prejudice by the alleged error: the relevant Guidelines provisions were unchanged between the 2015 and 2016 Guidelines Manuals. And Williams has not shown, or even argued, that the supposed error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See Wilson*, 184 F.3d at 800.

### III. *Conclusion*

We affirm.

_____