**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3288
_____

UNITED STATES OF AMERICA

v.

JOHN PEDDICORD,
Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1:23-cr-00014-001)
U.S. District Judge: Honorable Maryellen Noreika
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 1, 2025
_____

Before: SHWARTZ, MATEY, and FISHER, Circuit Judges.

(Filed: October 2, 2025)
_____

OPINION[*]
_____


SHWARTZ, Circuit Judge.

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

John Peddicord appeals his conviction and sentence for production and possession of child pornography. His counsel has filed a motion to withdraw under <u>Anders v. California</u>, 386 U.S. 738 (1967). Because there are no nonfrivolous issues warranting relief, we will grant his counsel's motion and affirm.

I

Over the course of about eighteen months, Peddicord raped and sexually assaulted two children with the consent of their mother, whom he was dating. Peddicord also paid the mother for nude pictures of the children. A grand jury returned an indictment charging him with (1) coercion and enticement of a minor in violation of 18 U.S.C. §§ 2422(b) and 2427 ("Counts 1 and 2"); (2) production of child pornography in violation of 18 U.S.C. §§ 2251(a) and (e), and 2 ("Counts 3 and 4"); (3) conspiracy to produce child pornography in violation of 18 U.S.C. §§ 2251(a) and (e) ("Count 5"); (4) receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) ("Count 6"); (5) possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b) ("Count 7"); and (6) attempted coercion and enticement in violation of 18 U.S.C. §§ 2422(a)-(b) ("Counts 8 and 9").

Pursuant to a plea agreement, Peddicord pleaded guilty to Counts 3 and 7, and the Court granted the Government's motion to dismiss the remaining counts. As part of the agreement, the parties stipulated that Peddicord would admit at sentencing that he committed the dismissed offenses and that his Sentencing Guidelines calculation would be determined as if he had been convicted of those offenses as well. U.S.S.G. § 1B1.2.

2

Peddicord also waived his right to appeal his conviction and sentence unless (1) he asserted that he received ineffective assistance of counsel, (2) the Government appealed, (3) his sentence exceeded the statutory maximum, or (4) the District Court varied upward from the advisory Sentencing Guidelines range. During the plea colloquy, the District Court reviewed the appellate waiver with Peddicord and confirmed his understanding of his rights and the waiver's effects.

At sentencing, the District Court determined that Peddicord's total offense level was forty-three,[1] and his criminal history category was I, resulting in an advisory Guidelines sentence of life imprisonment, but, as the Court noted, Peddicord's sentence could not exceed forty years which was the combined statutory maximum for the crimes of conviction. Neither Peddicord nor the Government moved for a departure, and the Court denied Peddicord's request for a downward variance to a sentence of thirty years' imprisonment. The Court imposed the statutory maximum sentence for each count of conviction, namely 360 months' imprisonment for Count 3 and 120 months for Count 7, to be served consecutively, for a total term of 480 months.

In imposing this sentence, the District Court (1) described the nature and circumstances of the offenses as "the most serious crimes" it had seen, (2) acknowledged the need to promote respect for law and provide just punishment for Peddicord's "heinous and depraved" abuse of the children, (3) noted Peddicord's personal

---

[1] Peddicord's total offense level would have been forty-nine, but the Guidelines advise courts to treat any offense level above forty-three as if it were forty-three. U.S.S.G. ch. 5, pt. A, cmt. n.2.

characteristics, including his "betray[al]" of his role as a father figure to the children, his minimal criminal history, and his acceptance of "some responsibility" by pleading guilty and sparing the children from testifying, and (4) stated that it had "considered the need for adequate [deterrence], . . . protecting the public from [Peddicord] for the things [he] ha[d] done and [to] avoid unwarranted sentencing disparities." App. 55-56. Peddicord did not object to the sentence.

Peddicord appeals and his counsel moves to withdraw under Anders.[2]

## II[3]

Our local rules allow a criminal defendant's appellate counsel to file a motion to withdraw and an accompanying brief under Anders when he concludes, upon review of the record, that "the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001); see also United States v. Brookins, 132 F.4th 659, 665-66 (3d Cir. 2025).[4]

---

[2] Although he was permitted to do so, Peddicord did not file a pro se brief.

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. In conducting an Anders analysis, we exercise plenary review to determine whether there are any nonfrivolous issues for appeal. Penson v. Ohio, 488 U.S. 75, 80-83 & n.6 (1988).

[4] An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988); see also Brookins, 132 F.4th at 665 (observing "[i]f there is an issue that is 'arguable' on its merits, then the appeal is not frivolous").

A

To determine whether counsel has fulfilled his Anders obligations, we examine his brief to see if it (1) shows that he thoroughly examined the record in search of appealable issues and identified those that arguably support the appeal, Smith v. Robbins, 528 U.S. 259, 285 (2000), and (2) explains why the identified issues are frivolous, Brookins, 132 F.4th at 666. Peddicord's counsel has fulfilled these obligations.

Typically, Peddicord's guilty plea would limit the appealable issues to (1) the District Court's jurisdiction, (2) the voluntariness of his plea, and (3) the reasonableness of his sentence. See 18 U.S.C. § 3742; Menna v. New York, 423 U.S. 61, 62 (1975) (per curiam); United States v. Broce, 488 U.S. 563, 569 (1989). Here, however, Peddicord waived most of his appellate rights when he entered into his plea agreement, which further limits the appealable issues. Washington v. Sobina, 475 F.3d 162, 165 (3d Cir. 2007) (per curiam). In addition to noting the appellate waiver's applicability, Peddicord's counsel explained why jurisdiction exists and why any challenge to Peddicord's plea or sentence would be frivolous. Peddicord's counsel thus has fulfilled his Anders obligations. See Brookins, 132 F.4th at 666.

B

Our independent review of the record accords with counsel's assessment. The appellate waiver in Peddicord's plea agreement, if enforceable, would bar this appeal.[5]

---

[5] "We review the validity and scope of an appellate waiver de novo." United States v. Grimes, 739 F.3d 125, 129 (3d Cir. 2014). An appellate waiver "does not

5

"We will enforce an appellate waiver where we conclude that: (1) the issues a defendant pursues on appeal fall within the scope of the waiver; (2) the defendant knowingly and voluntarily agreed to the waiver; and (3) enforcing the waiver would not work a miscarriage of justice." United States v. Langley, 52 F.4th 564, 575 (3d Cir. 2022).

To begin, we determine the scope of an appellate waiver by examining and strictly construing the language of the plea agreement. United States v. Corso, 549 F.3d 921, 927 (3d Cir. 2008). According to his plea agreement, Peddicord waived his right to appeal his conviction and sentence unless (1) he asserted that he received ineffective assistance of counsel, (2) the Government appealed, (3) his sentence exceeded the statutory maximum, or (4) the District Court varied upward from the advisory Sentencing Guidelines range.

None of these circumstances are present. First, Peddicord has not alleged his counsel was ineffective and, in any event, such claims generally are not appropriate for direct appeal and instead should be raised in collateral habeas proceedings. See, e.g., United States v. Jake, 281 F.3d 123, 132 n.7 (3d Cir. 2002). Second, the Government has not appealed. Third, the District Court imposed the statutory maximum sentences for each convicted offense[6] and therefore did not exceed them. Finally, the District Court did

---

deprive us of subject matter jurisdiction, but, when the waiver is valid, we will not exercise that jurisdiction to review the merits of the defendant's appeal," and will "[t]ypically . . . affirm the judgment of the district court," rather than "dismiss[] the appeal." United States v. James, 928 F.3d 247, 252 (3d Cir. 2019) (internal quotation marks omitted).

[6] See 18 U.S.C. § 2251(e) (setting imprisonment as "not less than 15 years nor more than 30 years."); id. § 2252(b)(2) (setting imprisonment as "not more than 10 years.").

not vary upward but rather imposed a Guidelines sentence.[7]  See U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence.").

Next, the record shows that Peddicord knowingly and voluntarily agreed to the appellate waiver.  At his plea hearing, Peddicord affirmed that he understood that the appellate waiver "le[ft him] with narrow appella[te] rights and little ability to challenge [his] conviction or . . . sentence" and that it was "unlikely that any of the conditions that would allow [him] to appeal [his] sentence will occur."  App. 32-33.  Peddicord confirmed that he reviewed the waiver with his counsel, stated that he was "satisfied with the advice and counsel [he] ha[d] received from [his] attorney with respect to the appella[te] waiver," and signed the agreement.  App. 33.  This all shows that Peddicord knowingly and voluntarily waived his appellate rights.

Finally, enforcing the appellate waiver would not work a miscarriage of justice. "To determine whether enforcing a waiver works a miscarriage of justice, we consider [t]he clarity of [any] error, its gravity, [and] its character," and will not enforce the waiver in only "unusual circumstance[s]" to prevent "manifest injustice."  United States v.

---

[7] Because Peddicord was sentenced on November 21, 2024, App. 42, the Guidelines in effect on November 1, 2024, applied.  See U.S.S.G. § 1B1.11.  Although the Presentence Report referenced the 2023 Sentencing Guidelines manual, there was no error as the relevant guidelines in each manual are the same.  U.S.S.G. supp. to app. C (2024); cf. United States v. Williams, 899 F.3d 659, 666 (8th Cir. 2018) (stating no prejudice where "the relevant Guidelines provisions were unchanged").

Grimes, 739 F.3d 125, 130 (3d Cir. 2014) (citations and quotation marks omitted).  Here, there is no such error.  The District Court had jurisdiction, Peddicord entered a knowing and voluntary plea consistent with the Constitution and Federal Rule of Criminal Procedure 11, and his sentence reflected consideration of the 18 U.S.C. § 3553(a) factors, the imposition of consecutive sentences was a proper exercise of discretion considering his "heinous and depraved" conduct, App. 55; 18 U.S.C. § 3584; see also U.S.S.G. § 5G1.2(d), and the ultimate sentence did not exceed the statutory maximums for his offenses, see 18 U.S.C. §§ 2251(e), 2252(b)(2) or the applicable Guidelines range, see U.S.S.G. § 5G1.1(a).  Accordingly, we cannot say that enforcing the appellate waiver would work a miscarriage of justice, so we will enforce it.

III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm.